## STATE *v.* RATCLIFFE.

### Opinion delivered July 6, 1895.

INCEST—INDICTMENT—An indictment for incest which alleges that
defendant did "incestuously and adulterously have carnal knowl-
edge of the body of" a person named, being a married man and
the father of the person named, sufficiently alleges that he was a
married man at the time the offense was committed.

Error to Sharp Circuit Court.

JOHN B. McCALEB, Judge.

#### STATEMENT BY THE COURT.

This is an indictment for incest, from the northern
district of Sharp county circuit court. At the July
term, 1894, of said 'circuit court, the appellee was
indicted as follows, to-wit:    "The said E. Ratcliffe,
on the 10th of March, 1893, in the northern district
of the county and state aforesaid, did then and there,
being and knowing himself to be the father of one
Bettie Ratcliffe, and knowing himself to be a person
forbidden to intermarry with her, the said Bettie Rat-
cliffe, by reason that he, the said E. Ratcliffe, was the
father of her, the said Bettie Ratcliffe, did then and
there unlawfully, feloniously, incestuously and adulter-
ously have carnal knowledge of the body of her, the
said Bettie Ratcliffe, he, the said E. Ratcliffe, being a
married man, the father of her, the said Bettie Ratcliffe,
against the peace and dignity of the State of Arkansas."

Appellee demurred to said indictment, which de-
murrer is as follows:    "Comes now the defendant,
Elijah Ratcliffe, in his own proper person and by his
attorney, and demurs to the indictment herein for insuf-
ficiency, and for cause of demurrer says:    (1) Said
indictment does not charge the offense to have been
committed by a marriage such as is prohibited by law.

(2) Said indictment does not charge the offense to have been committed by fornication with said Bettie Ratcliffe. (3) Said indictment does not charge the offense to have been committed by committing adultery with the said Bettie Ratcliffe. (4) Said indictment does not charge that at the time of the commission of the alleged offense the defendant was then and there a married man. (5) Said indictment does not charge that at the time of the commission of the alleged offense the defendant was then and there an unmarried man. (6) Said indictment does not charge that the defendant and Bettie Ratcliffe were not married to each other. (7) Said indictment does not state facts sufficient to constitute a public offense."

The court below sustained the demurrer, and discharged appellee. Appellant excepted, had its exceptions noted of record, and appeals to this court.

*E. B. Kinsworthy,* Attorney General, for appellant.

1. The indictment sufficiently charges defendant to have been a married man. It does not matter to whom he was married. 80 Mich. 577; 10 *id.* 396; 58 Ark. 3.

2. The words "then and there" are not always necessary. 78 Me. 71; 80 Mass. (14 Gray), 21; 15 R. I. 539. Omission of words which are by common understanding implied, in that which is expressed, will not render an indictment invalid. 10 Am. & Eng. Enc. Law, p. 547. The indictment contains all the necessary averments. Bish. Dir. & Forms, secs. 563-4. If there are any defects, they are not prejudicial. Sand. & H. Dig. sec. 2076. No one could read the indictment, and misunderstand the charge, or be misled. 55 Ark. 532; 54 *id.* 492; *Ib.* 662-3.

*Sam H. Davidson*, for appellee.

Under Sand. & H. Dig. sec. 1689, and our decisions, in order to constitute the crime of incest, it must clearly appear that either there was a marriage between parties related within the prohibited degrees, and that such persons committed adultery with each other, or that they committed fornication. Sand. & H. Dig. secs. 1689, 4908; 48 Ark. 66; 58 *id*. 3. In the light of these authorities, a void marriage must be charged.

2. The omission of the words "then and there being a married man" is fatal. 42 Vt. 202; 24 Am. Rep. 124.

3. The indictment fails to allege that the parties were married "to each other." Taylor on Ev. secs. 67, 1042 (text book series.)

4. The indictment is too indefinite. 26 Ark. 323; 27 *id*. 493; Sand. & H. Dig. sec. 2074, and note to 4th subd.

5. The words "then and there" should be repeated to every material fact which is issuable. 10 Am. & Eng. Enc. Law, pp. 589, 592; 1 Bish. Cr. Pro. (3 ed.) 407 *et seq.;* 25 Am. & Eng. Enc. Law, 1056; 4 Ind. 234; 80 *id*. 148; 58 Am. Dec. 627; 35 Me. 205; 83 Mass. 6; 9 Neb. 65; 26 Vt. 765; 7 Vt. 219; *Ib*. 222; 20 Wis. 217; 26 Mo. 260.

6. The indictment merely alleges that defendant was a married man *at the time* the indictment was found, and not at the time of the commission of the offense. 1 Bish. Cr. Pr. 412, 410; 2 Am. & Eng. Enc. Law, p. 158.

BUNN, C. J. (after stating the facts). The language of the statute on the subject is as follows, to-wit: "Section 1689. Persons marrying, who are within the degrees of consanguinity within which marriages are declared by law to be incestuous or void absolutely, or

who shall commit adultery or fornication with each other, shall be deemed guilty of incest." "Section 4908. All marriages between parents and children, including grand-parents and grand children of every degree; between brothers and sisters of the half as well as the whole blood ; between uncles and nieces, and between aunts and nephews, and between first cousins, are declared to be incestuous and absolutely void." Sand. & H. Dig.

In this case the indictment charges the defendant and appellee with the crime of incest committed with one Bettie Ratcliffe, knowing himself to be her father and forbidden to marry her, by having carnal knowledge of her incestuously and adulterously, he being a married man.

The only objection to the indictment which has given us any considerable trouble is the fourth and fifth grounds of demurrer.

The able counsel of defendant has contended with much ability that the language of the indictment is not sufficiently explicit, in this: that, after laying the charge of carnal knowledge incestuously and adulterously, defendant is referred to as being a married man, and that it does not thereby definitely appear when he was a married man, whether at the time of the commission of the offense or at the time of the finding of the indictment; and that the usual words "then and there," or their equivalents, should have been employed to definitely point out the time of the commission of the offense. The indictment is not artistically drawn, and the words suggested in argument of defendant's counsel would with greater propriety have been employed. But we do not think the authorities cited support the contention that their employment is essential in all cases. On the contrary, the connection in which they may with great propriety be employed may be such as to render their use not absolutely essential. In other

words, the connection, and the words and language employed in the connection, may be so explicit within themselves as to leave no room for reasonable doubt on the subject, and in such case greater particularity of expression would of course not be essential, however proper. We think the language in this indictment clearly indicates that the defendant was married at the time of the commission of the offense ; and to say that it meant that he was a married man at the time of the finding of the indictment, rather than when the offense was committed, would be to say that it was objectless, if not meaningless. After all, we would lift the finger of caution to those having such matters in charge, for the line which marks the border land of uncertainty and doubt is not always too well defined.

The allegations that defendant was the father of the woman involved, and therefore within the prohibited degrees; that he was a married man, and therefore capable of committing adultery; and that he incestuously and adulterously had carnal knowledge of his daughter, clearly meaning that he committed adultery with her,— all taken together, we think, make up a good indictment for the crime of incest.

The other grounds of demurrer seem to be still more clearly untenable. Reversed and remanded.