WILLIAMS v. STATE.

Opinion delivered November 5, 1923.

1.  CRIMINAL LAW—CHANGE OF VENUE.—Under Const., art. 2, § 10, providing that the venue in criminal prosecutions may be changed to any other county in the district, a petition filed in the Greenwood District of Sebastian County, asking for a change of venue from both districts of Sebastian County to another county of the district, namely, to Scott County, which was properly supported by the affidavits of two credible persons, as required by Crawford & Moses' Dig., § 3088, should have been granted and the venue changed to Scott County, and it was error to change the venue to the Fort Smith District of Sebastian County.

2.  INCEST—INDICTMENT.—An indictment of a father for incestuous adultery with his daughter is sufficient if it alleges that he was a married man and the father of the female at the time of the incestuous adultery.

3.  INDICTMENT AND INFORMATION—SUBSEQUENT INDICTMENT FOR SAME OFFENSE.—Under Crawford & Moses' Dig., § 3057, providing that, if there shall be pending two indictments for the same offense against the same defendant, the indictment first returned shall be quashed, held, that an indictment for incest with defendant's daughter is not suspended by a subsequent indictment for carnal abuse of such daughter, as the offenses are distinct, and the same evidence will not support both charges.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; reversed.

*J. B. Karnopp* and *Robert A. Rowe,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

WOOD, J. This is an appeal from a judgment sentencing the appellant to imprisonment in the State Penitentiary for a period of five years for the crime of incest. The indictment, omitting the caption and formal parts, is as follows:

"The said defendant, Jake Williams, in the county, district and State aforesaid, on the 25th day of June, 1921, knowing himself to be the father of one Lavada Williams, and knowing himself to be a person forbidden by law to intermarry with her, the said Lavada Williams, by reason of the fact that he, the said Jake

Williams, was then and there father of her, the said Lavada Williams, did then and there unlawfully, feloniously, incestuously and adulterously have carnal knowledge of her, the said Lavada Williams, and did then and there commit adultery with her, the said Lavada Williams, he, the said Jake Williams, then and there being a married man and the father of her, the said Lavada Williams, against the peace and dignity of the State of Arkansas.''

This indictment was returned on the 28th day of July, 1922.

On January 11, 1923, the appellant filed a petition for a change of venue. He set up as follows: ''That the minds of the inhabitants of the Greenwood District of Sebastian County, Arkansas, in which this cause is pending, are so prejudiced against the defendant, Jake Williams, that a fair and impartial trial cannot be had therein; and for the same reason as above stated embrace the Fort Smith District of Sebastian County, Arkansas, and for the same reason object to said last mentioned district. And to Sebastian County said objection is made for the reason above stated.'' The petition was duly verified by appellant, and the court found it was supported by the affidavits of two credible persons who were residents of the district. The court thereupon removed the cause to the Fort Smith District of Sebastian County. Appellant duly excepted to the ruling of the court, and this ruling of the court presents the first question for our consideration.

1. Article 2, § 10, of the Constitution provides that the venue in criminal prosecutions may be changed to any other county of the judicial district in which the indictment is found, upon the application of the accused, in such manner as may be prescribed by law.

Article 13, § 5, of the Constitution provides that Sebastian County may have two districts and two county seats, at which county, probate and circuit court shall be held, as may be provided by law. But this provision of

the Constitution does not permit Sebastian County to be divided into two units of government and constitute each a separate county. Sebastian County, as a unit of government, is only one county. For certain purposes the framers of the Constitution provided that Sebastian County might have two districts and two county seats at which the court therein named might be held, but this is far from creating two counties out of Sebastian County.

It will be observed that article 2, § 10, of the Constitution, *supra,* gives the accused in criminal prosecutions the right to have the venue changed to another county of the judicial district.

The act dividing Sebastian County into two judicial districts, one designated as the Greenwood District and the other the Fort Smith District, and making the courts of the respective districts as distinct from each other as if they were courts of different counties, nevertheless does not create two counties out of the county of Sebastian. On the contrary, it is expressly provided in that act that, as to all matters not within the provisions of the act, the county of Sebastian shall be one entire and undivided county. Acts of 1874-5, p. 86, § 13. Although the act divides Sebastian County into two judicial districts and provides for two county seats, pursuant to the provisions of the Constitution, nevertheless as a composite unit of government the integrity of Sebastian County is unimpaired.

The act approved March 8, 1889, provides that the counties of Scott and Sebastian shall compose the Twelfth Judicial Circuit of the State. Acts 1889, § 2, p. 88; Crawford & Moses' Digest, § 2206.

Therefore, under the provisions of article 2, § 10, of the Constitution, *supra,* the appellant had the right to have the venue changed to Scott County, the only other county in the Twelfth Judicial District, if his petition for such change meets the requirements of the statute in such cases.

This brings us to the inquiry as to whether the petition contains the necessary allegations to show that the minds of the inhabitants of Sebastian County were so prejudiced against the appellant that a fair and impartial trial could not be had therein.

While the petition is inartistically drawn, we are convinced that, when taken as a whole, the appellant intended to allege, and it is alleged, that the minds of the inhabitants of Sebastian County are so prejudiced against him that a fair and impartial trial cannot be had therein. The allegation that the minds of the inhabitants of the Greenwood District were so prejudiced against him that a fair and impartial trial could not be had therein, followed by the language, "for the same reason as above stated embrace the Fort Smith District of Sebastian County, and for the same reason object to said last mentioned district. And to Sebastian County said objection is made for the same reason," clearly constitutes an allegation that the minds of the inhabitants of Sebastian County as a whole are so prejudiced against the appellant that a fair and impartial trial could not be had therein. The petition therefore meets the requirements of the statute, and, since the court found that it was supported by the affidavits of two residents of the county, who were credible persons, the court erred in not sustaining the petition and changing the venue to Scott County. *Wells* v. *State,* 53 Ark. 211; see also *Kent* v. *State,* 64 Ark. 247.

2. The appellant next contends that the court should have sustained his demurrer to the indictment because it failed to allege that the appellant was not married to his daughter, Lavada Williams, and failed to allege the name of his wife. These allegations were not necessary in order to charge appellant of the crime of incest with his daughter. The language in which the charge is couched was sufficient to charge appellant with the crime of incest. It was sufficient to charge that he was a married man and the father of Lavada Williams at

the time of the incestuous adultery. *Martin* v. *State,* 58 Ark. 3; *State* v. *Ratcliffe,* 61 Ark. 62; *Knowles* v. *State,* 113 Ark. 257.

3. The appellant moved to arrest the judgment on the ground that, after the indictment charging him with incest was returned, another indictment was returned by the grand jury of Sebastian County on January 6, 1923, which indictment, omitting the formal parts, is as follows:

"The said defendant, Jake Williams, in the county, district and State aforesaid, on the 3rd day of July, 1921, unlawfully and feloniously did carnally know and abuse one Lavada Williams, the said Lavada Williams then and there being a female under the age of sixteen years, against the peace and dignity of the State of Arkansas."

Section 3037, Crawford & Moses' Digest, provides: "If there shall be, at any time, pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first returned shall be deemed to be suspended by such indictment, and shall be quashed." The crimes of incest and carnal abuse are not only separate and distinct offenses, but the same evidence might not support them both, even when the crimes were committed on the same person. It is the gravamen of the crime of carnal abuse that the act of sexual intercourse be with a female person under the age of sixteen years, whereas in the crime of incest the statute is leveled at the act of sexual intercourse between persons who are, within certain degrees, related in blood, regardless of the age of the female. The statute defining and prohibiting these separate and distinct offenses were to subserve an entirely different purpose.

When two indictments against the same defendant are so diverse as to preclude the same evidence from sustaining both, the one setting out an offense differing

in all its elements from that charged in the other, they are not for the same offense, or matter, within the meaning of the above section. *State* v. *Hall,* 50 Ark. 28. The offenses of carnal abuse and incest are as diverse in their elements as are the offenses of carrying a weapon and murder, although referring to the same transaction. They are also as diverse as are the separate crimes of Sabbath breaking and gaming, although growing out of the same act. The court therefore did not err in overruling appellant's motion to arrest the judgment.

The indictment for carnal abuse was not brought into the record in this case, and the appellant seeks to avail himself of § 3037, *supra,* by bringing up the indictment for carnal abuse by certiorari  While this is not the proper method of raising the issue, we have decided it for the guidance of the trial court in case the question should arise at another trial.

4. Other errors are assigned, but we deem it unnecessary to discuss them, inasmuch as they are not likely to arise at another trial.

We find no other reversible error in the record, but for the error in denying appellant's petition for a change of venue, and the error in failing to change the venue to Scott County, the judgement is reversed and the cause remanded for a new trial.