JEWETT *v.* NORRIS.

Opinion delivered January 11, 1926.

COUNTIES—AUTHORITY OF SEPARATE DISTRICTS TO ISSUE BONDS.—The two districts of Sebastian County, created by Constitution, art. 13, § 5, with powers defined by Acts 1874-5, pp. 86, 135, are to be regarded as separate counties within the meaning of Amendment 11 to the Constitution, authorizing counties to issue bonds to pay outstanding indebtedness.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

*George W. Dodd,* for appellant.

*Daily & Woods* and *A. A. McDonald,* for appellee.

SMITH, J. The question for decision in this case is whether the Fort Smith District of Sebastian County has the authority to issue bonds to pay its outstanding indebtedness under the authority of Amendment No. 11 to the Constitution. So much of this amendment as we need to consider here reads as follows: "Provided, however, to secure funds to pay indebtedness outstanding at the time of the adoption of this amendment, counties, cities and incorporated towns may isue interest-bearing certificates of indebtedness or bonds with interest coupons for the payment of which a county or city tax, in addition to that now authorized, not exceeding three mills, may be levied for the time as provided by law until such indebtedness is paid."

The insistence of appellant, who is a citizen and taxpayer of the Fort Smith District of Sebastian County, is that the Fort Smith District is neither county, city nor incorporated town within the meaning of the amendment, and that the authority was not conferred on such district to issue bonds to pay its outstanding indebtedness existing at the time the amendment was adopted.

The Constitution of 1874 contains a unique provision in regard to Sebastian County. It reads as follows: "Sebastian County may have two districts and two county seats, at which county, probate and circuit

courts shall be held as may be provided by law, each district paying its own expenses." Section 5 of article 13.

The history of this section of the Constitution is set out in the brief filed on behalf of the district in the present litigation. It is as follows: An act was passed by the General Assembly of 1861, which provided that, for the purpose of holding circuit and probate courts, Sebastian County should be divided into two judicial districts, and defined the jurisdiction of these courts within the territorial limits. At the 1871 session of the General Assembly an amendatory act was passed, which, in addition to providing for separate judicial districts for that county, also provided that each district of the county should pay its own expenses, and should separately assess, levy and collect its taxes, and should have county and quorum courts in each district for this purpose.

The validity of both the original and the amendatory acts was questioned, but that involving the amendatory act of 1871 was first decided in the case of *Patterson* v. *Temple,* 27 Ark. 202, and the amendatory act was declared unconstitutional. In the case of *Ex parte Jones,* 27 Ark. 349, the original act was upheld. Both decisions were rendered at the December, 1871, term of the Supreme Court, and thus the law stood when the Constitution of 1874 was written and adopted.

Obviously the purpose of the provision of the Constitution set out above was to make valid and constitutional subsequent legislation like that which had been stricken down when the amendatory act of 1871 above referred to was declared unconstitutional. This section of the Constitution permitted the division of Sebastian County into two districts, and provided that when this was done each district should pay its own expenses.

Pursuant to this authority there was passed at the first session of the General Assembly which convened after the adoption of the Constitution of 1874 two acts making effective this permission to create the two dis-

tricts, each bearing and paying its own expenses. The first act was approved January 12, 1875 (Acts 1875, page 86), and the second February 3, 1875 (Acts 1875, page 135).

Section 1 of the first of these acts provided that the boundaries of the two districts should remain as they were until the ensuing April term of the county court to be convened at Greenwood, the county seat, at which time the county court should define the boundaries of said districts, and that after such order had been made "the jurisdiction of said county court shall cease in said county, and said jurisdiction shall be transferred to the district county courts of said districts, respectively, as hereinafter provided."

Section 2 of this act provided that the circuit, chancery, county and probate courts of said county should be held at the county seats of their respective districts, and that the authority and territorial jurisdiction of said courts "shall extend over the respective districts, the same and in like manner as if said districts were respectively constitutional counties of this State."

Section 10 of the act provides that the said districts shall respectively defray all expenses "accruing within and on account of their respective districts, as if separate and distinct counties," with a provision that both districts should remain liable for any outstanding indebtedness of Sebastian County, and the further provision that neither district should be liable for any debt or liability that might thereafter be incurred by the other district.

Section 11 provided for the keeping of separate records in the two districts, and by § 12 it was provided "that the county court of said respective districts shall be composed of the county judge of Sebastian County and a majority of the justices of the peace within their respective districts, and shall be subject to the same regulations respectively as other county courts of this State, as if separate and distinct counties."

Section 13 provided that, as to all matters not within the provisions of the act, the county of Sebastian should be one entire and undivided county.

As has been said, this act—which might be called an enabling act—was amended at the same session of the General Assembly, and complete provision was made whereby the fiscal affairs of the respective districts might be as completely separated and administered as if the districts were in fact separate counties.

Section 3 of this second act reads as follows: "That so much of section twelve of said act as enacts that the county judge of said county and a majority of the justices of the peace of each of said districts shall compose the county court of said districts, is hereby repealed, and that the county judge of said county shall be the probate judge of each of said districts, and the county judge for each of said districts, except that for the purpose of levying the county taxes for either of said districts, and for making appropriations for the county expenses, in either of said districts, the county court for said districts shall be composed of the county judge and the justices of the peace of said districts respectively."

Other sections of this second act provided for the separate assessment, levy and collection of taxes, that of each district being levied, assessed and collected without reference to the action taken by the other.

Sebastian County has now proceeded for more than fifty years under the authority of these acts passed pursuant to the power contained in the section of the Constitution set out above, and the Fort Smith District of the county now proposes to pay off its outstanding indebtedness by an issue of bonds under the authority of Amendment No. 11 to the Constitution set out above.

In opposition to this proposed action appellant, a protesting citizen and taxpayer, cites authorities defining the meaning of the word "county", and he insists, upon the authority of these decisions, that the Fort Smith District of Sebastian County is not a county within

the meaning of Amendment No. 11, which authorizes counties to issue bonds.

It may be conceded that these districts, are not counties within the ordinary meaning of that word; but we think, in view of the unique provision of the Constitution in regard to Sebastian County, that the two districts thereof are to be treated as if they were in fact separate counties, so far as their fiscal affairs are concerned.

Section 1 of article 16 of the Constitution contains an inhibition against the State and the cities, counties, towns and other municipalities thereof ever loaning their credit, and prohibits the counties, cities, towns and other municipalities of the State from issuing interest-bearing evidences of indebtedness, except such as were necessary to secure the payment of the then outstanding indebtedness of such counties, etc.

Unless these districts of Sebastian County, which are separate units in the administration of their fiscal affairs, are embraced within the word "county", they are not included at all, and this constitutional inhibition does not apply to these districts.

Section 9 of the same article provides that no county shall levy a tax to exceed one-half of one per cent. for all purposes, but may levy an additional one-half of one per cent. to pay indebtedness outstanding at the time of the ratification of the Constitution.

The Constitution contains no limitation as to the districts of Sebastian County which the General Assembly was authorized to establish, and, unless these districts be treated as counties for the purpose of levying taxes, there is no limitation as to the amount of taxes which such districts may levy, as the limitation applies only to counties, etc.

So also Amendment No. 11 to the Constitution, which provides that no county shall expend in any year any sum in excess of the revenues of that year, would not apply to the districts of Sebastian County unless they

were treated, for the purpose of collecting and disbursing the public revenues, as counties, and there would be no restraint on the annual expenditures which such districts might make, although the constitutional restraint extended to the remainder of the State.

It is pointed out that, in the more than fifty years which have elapsed since the passage of the act authorized by the Constitution of 1874 and which created the two districts of Sebastian County, there have been passed many acts relating to the fiscal affairs of counties, all of which have been treated as applicable to the respective districts of that county.

We conclude therefore that these districts of Sebastian County are to be regarded as counties within the meaning of Amendment No. 11, and that by this amendment they are authorized to issue bonds to pay their outstanding indebtedness, and that they are also to be regarded as counties within the requirement of that amendment that their subsequent expenditures shall be kept within their revenues.

We think there is nothing in the case of *Williams* v. *State,* 160 Ark. 587, which conflicts with the views here expressed. The point there decided was that an accused person applying for a change of venue might show that the inhabitants of Sebastian County as a political unit were so prejudiced against him that he would be entitled to have the venue changed to another county of the judicial circuit of which Sebastian County was a part. In other words, Sebastian County as a composite unit of government has not been destroyed, although the separate districts thereof have been given separate control of their respective fiscal affairs.

The court below sustained a demurrer to the complaint of appellant by which he sought to enjoin the county judge of Sebastian County from proceeding under Amendment No. 11 to refund the indebtedness of the Fort Smith District, and, as that decree is correct, it is affirmed.