SOUTHERN SURETY CO. v. FT. SMITH DIST. OF SEBASTIAN COUNTY et al.

(Circuit Court of Appeals, Eighth Circuit. November 26, 1926.)

No. 7290.

1. Counties ⊜113(3)—Contract for construction of road extending into district of county not authorizing or approving contract held void (Const. Ark. art. 13, § 5; Acts Ark. 1874–75, p. 135).

Under Const. Ark. art. 13, § 5, and Acts Ark. 1874–75, p. 135, dividing Sebastian county into two districts, contract authorized by quorum court of one of such districts for construction of road extending into the other district, which did not authorize or approve the contract, was void.

2. Highways ⊜113(5)—Failure to follow statutory requirements in executing bond under contract for public improvements invalidates contract (Crawford & Moses' Dig. Ark. § 6913).

Failure to follow requirements of Crawford & Moses' Dig. Ark. § 6913, in executing contractor's bond under contract for making of public improvements, invalidates the contract.

3. Principal and surety ⊜167—Surety completing construction of highway under void contract may not recover percentages which county should have retained.

Surety completing contract for construction of highway under void contract *held* not entitled to recover percentages which should have been withheld by county from contractor, since the provisions for such retention are part of contract and fall therewith.

4. Principal and surety ⊜167—Highway contractor's surety, after assignment of money due, held not entitled to recover amounts previously lost by contractor fraudulently induced to discount warrants.

Surety of highway contractor, completing work under contract which was in fact void, and

taking assignment from contractor of amounts due from estimates of work, *held* not entitled to recover from county or road districts amounts lost by contractor, before assignment was made, by reason of discount of warrants fraudulently induced by assuming to act for county and districts.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by the Southern Surety Company against Ft. Smith District of Sebastian County and others. Decree granting plaintiff a partial recovery, and plaintiff appeals. Affirmed.

James B. McDonough, of Ft. Smith, Ark., for appellant.

Thomas B. Pryor, of Fort Worth, Tex. (Joseph M. Hill and Harry P. Daily, both of Ft. Smith, Ark., on the brief), for appellees.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and CANT, District Judge.

CANT, District Judge. In the year 1923 appellant became surety on three separate bonds executed and delivered by the Otto V. Martin Construction Company, a corporation, hereinafter referred to as the contractor, to Sebastian county, Ark., in connection with certain road contract work in said county, on which said contractor was to engage. The road to be constructed was about 16 miles long and was divided into three sections. The bonds applied, one to each section. The contractor entered upon the construction of said road, completed the northerly section thereof, an important part of the work, and did considerable work on the other two sections. Settlement and payment in full on account of the completed section was had between certain officers, assuming to act for the county or for one of the defendant districts, and the contractor, during the month of May, 1924. This was with the knowledge and consent of appellant at the time. On or about June 10, 1924, owing to financial difficulties, the contractor was unable to go on with the work, and the same was turned over to this appellant. Under its direction the contract was completed in August, 1924. At or about the time that the work was turned over to appellant, the contractor duly assigned to appellant all moneys due and to become due from estimates made on the work in question.

Misunderstandings arose as to the amount due appellant on account of such work and estimates, and this suit was instituted. The work in question from the beginning was performed under what purported to be a written contract. This instrument was executed by the said contractor and on its face purported to be executed on behalf of said Sebastian county. It provided that at regular intervals estimates should be made of the progress of the work and of the amount earned by the contractor, and that thereupon 90 per cent. of such estimates should be paid to the contractor, and the remaining 10 per cent. should be retained by the county until the particular section of the road involved in said estimate should be completed, when payment therefor in full should be made to the contractor. Payment on these estimates was made to the contractor, and after June 10, 1924, to the appellant, in the form of warrants. Many of these warrants were not paid or redeemed in cash by the county, or by the authorities by whom they were issued, but were discounted at local banks under such circumstances that the defendant districts received the benefit of the discount. The discounting of such warrants by the holders thereof was induced by misstatements willfully made to such holders by those who assumed to represent the said county and the said districts in said matter. The amount which was lost to the contractor on warrants which it received and discounted, was $5,688.61. The amount which was lost by the appellant on warrants which it received and discounted, was $828.02. In its suit, appellant claims the right to recover on three separate items, to wit:

(1) The 10 per cent. of estimates which had been paid by the authorities to the contractor before the work was turned over to appellant, which amounts appellant claims should have been retained by appellees.

(2) The amounts which had been lost through discount of warrants both by the contractor and appellant.

(3) The unpaid balance due under the contract for work actually performed thereunder.

The court found that all amounts due appellant on estimates have been paid, except the sum of $3,829.03, and for this amount a recovery against defendant Ft. Smith district of Sebastian county was allowed. The court also allowed a recovery against the defendant Greenwood district of Sebastian county for the sum of $828.02, which appellant lost through the discount of orders which it received. No recovery was allowed against Sebastian county. All parties agree upon the correctness of these amounts and that a recovery should be had therefor.

As to the percentage of the estimates which appellant claims should have been retained by the authorities, and as to the amount

which the contractor lost through the discount of warrants before the work was turned over to appellant, the trial court denied a recovery. The questions which arise in connection with that determination are for consideration here.

Under section 5 of article 13 of the Constitution of the State of Arkansas, adopted in 1874, and under the provisions of two acts of the Legislature of that state hereinafter specified, the county of Sebastian, in the state of Arkansas, is divided into two districts known and designated respectively as the Ft. Smith district of Sebastian county, and the Greenwood district of said county; and so far as their fiscal affairs are concerned, these two districts are to be held and considered and dealt with the same as if they were in fact separate counties. Each is clothed with the necessary powers to that end. Under said constitutional and legislative provisions, which still remain in force, each of said districts is obliged to bear and pay its own expenses, and among other things is expressly required to pay all expenses of opening and repairing highways and building bridges within its borders, and neither district may be held liable for any debt or obligation of the other.

This interpretation of said provisions was adopted by the trial court, and has since been declared to be correct by the Supreme Court of Arkansas in Jewett v. Norris, 170 Ark. 71, 278 S. W. 652. The first act of the Legislature above referred to was approved on January 12, 1875 (Acts 1874–75, p. 86), and the second was approved on February 3, 1875 (Acts 1874–75, p. 135).

The road in question extends from a point near Ft. Smith, in the Ft. Smith district aforesaid, to the city of Greenwood, in the Greenwood district, and more than one-half of the length of said road is in the latter district. The so-called contract under which the road in question was constructed was executed under what purported to be an authorization thereof by the quorum court of the Ft. Smith district. It was never authorized or approved in any way by Greenwood district, nor by Sebastian county as such.

[1] Under the constitutional and legislative provisions aforesaid, Sebastian county had no power to enter into any such contract, and the Ft. Smith district had no power, either in its own behalf, or in behalf of said county, to enter into or authorize a contract for the construction of a road in Greenwood district, or to pay for such road, or to bind Greenwood district or Sebastian county therefor. The so-called contract was therefore void.

[2] Moreover, under the laws of Arkansas, section 6913 of Crawford & Moses' Digest of the Statutes of 1921, where any contract is entered into for the making of a public improvement of the character here involved, a bond must be furnished by the contractor, embodying certain requirements specified in the statute, and such bond must be approved by the clerk of the circuit court of the county where the work is to be performed. The essential requirements so prescribed are entirely missing from the bond here in question, and such bond was never approved by the clerk of the circuit court. Under the authority of Burt v. Road Improvement District, 159 Ark. 275, 253 S. W. 1, the failure to furnish the statutory bond rendered the so-called contract void, even if it had been otherwise valid. The holding of Reiff v. Redfield, 126 Ark. 474, 191 S. W. 16, and similar cases, cannot be extended so far as to render valid a bond which is faulty in the various essential respects which mark the bonds here in question.

Appellant undertook the construction work here in question on the theory that there was a valid contract and a valid bond, and that it had certain rights thereunder. This was not correct. As already indicated, the contract was void. The bond explains how appellant came into the matter; otherwise, it is of no importance. Appellant was under no obligation to take over this work. It was not liable if it failed to do so. Neither the so-called contract nor the bond measured its rights or its duties. For the reason that the work had been done, and the district had received the benefit thereof, there was ground for the claim that the districts were liable on quantum meruit. Acting on this theory, although the suit was founded on an alleged contract, the trial court, for the purpose of ending litigation, allowed the recoveries which it did. These are acquiesced in by the parties against whom the decree has been entered, and as to them the recoveries are beyond question here.

[3] There was no theory upon which the court could have allowed a recovery on account of percentages which appellant claims should have been retained by the county. The provisions for such retention are part of a so-called contract which is here declared void. It is enough to say that the provision in question falls with the instrument of which it is a part. Without any contractual rights, or obligations, appellant voluntarily entered upon the work in question, and necessarily, under its assignment, it took things as it found them, including the then state of accounts between those assuming to act for the county and the contractor. In addition to this, but

17 F.(2d)—5

in view of the foregoing of little importance, the percentages complained of were in a large part paid to the contractor with the knowledge and consent of the appellant.

As to appellant's claim that it should recover the amounts lost by the contractor through discount of warrants, the decision of the trial court was correct. Such rights, if any, as plaintiff has to any such moneys, must be based on the assignment to E. J. Franklin, which he received from the contractor for the benefit of appellant, and on the letter relating to the same matter which the contractor delivered to T. A. Norris, county judge of Sebastian county. The assignment reads as follows: "We do hereby assign to E. J. Franklin, Tulsa, Oklahoma, proceeds of estimates on Greenwood-Mansfield road, and he is hereby authorized to sign for and receive said money when ready for delivery." The letter, so far as important here, reads as follows: "And you are hereby authorized and instructed to pay to Southern Surety Company all moneys now due or to become due for the construction of this road."

[4] From time to time the contractor had received from the authorities the warrants to which it claimed to be entitled. It had sold the said warrants and had received the amounts due thereon, less a discount. In a sense the matter was closed. The contractor's right of recovery, if any, as to the discounts would be based upon the deception practiced upon it. The letter and assignment contemplated no such thing as an assignment of causes of action such as these would be. At the time of the letter and assignment, neither the contractor nor this appellant yet knew of this wrongful scheme. They could not have intended to cover such claims. The manifest intent was to cover estimates for which warrants had not yet been issued. At the time the work was turned over to appellant, it was well on toward completion. The estimate for finishing the same was to be something like $6,000. Up to that time the surety company had lost nothing, so far as we know. On estimates of $6,000 in contemplation, it could hardly lose very much. So far as the record discloses, if appellant shall realize on the decree already entered in its favor, it will be reimbursed for all outlays, including a fairly generous amount for overhead. It is not reasonably possible that, in addition to these amounts which appellant will receive, it meant to exact from the contractor, and the contractor meant to assign to appellant, this very considerable amount which appellant now seeks to recover. Again, in the face of a void contract, to lay a basis for any recovery on account of the warrants held by the contractor, there should have been proof showing the value of the construction work which it had done. There is no such proof. In the absence thereof, there is nothing before the court to show that the contractor was entitled to any of the warrants which were discounted, or to the proceeds of the same. Appellant's claim in this behalf is therefore not well founded.

The decree should be affirmed. It is so ordered.