SCARAMUZZA *v.* McLEOD, COMMISSIONER OF REVENUES.

4-7521                                        183 S. W. 2d 55

Opinion delivered November 6, 1944.

*Hugh M. Bland,* for appellant.

*Herrn Northcutt,* for appellee.

*Harry P. Daily, John P. Woods* and *Heartsill Ragon,* amici curiae.

SMITH, J. This cause was heard in the court below, upon an agreed statement of facts, from which we copy the following recitals.

Identical petitions were filed by qualified electors of both the Ft. Smith and Greenwood districts of Sebastian county, on March 11, 1944, in each of which petitions it was prayed that an election be called and held in and

throughout Sebastian county, and in every ward and precinct therein, to determine whether or not license should be granted for the manufacture, or sale of intoxicating liquors, to be held on a day to be fixed by the county courts of Sebastian county. It was prayed that the elections be held pursuant to the provisions of Act No. 1, adopted by the people at the 1942 general election.

These petitions were regular in every respect, and on the same day duplicate originals were filed in the county courts for both the Ft. Smith District and the Greenwood District of Sebastian county, and all were signed by exactly the same persons.

After public hearing, had upon these petitions, the County Court for each district made identical orders calling the elections prayed for. The order made by the county court for the Greenwood District ordered that an election be held in the Greenwood District of Sebastian county, for the sole and only purpose of voting on the question presented by the petitions "within the said designated territory." The order made by the county court for the Ft. Smith District was identical, except for the substitution of the Ft. Smith District, for the Greenwood District.

Pursuant to these orders of the county courts of the respective districts, the election was held, separate and distinct ballots being prepared for use in each district. The ballot for the Greenwood District read as follows:

"OFFICIAL BALLOT

Special Election

April 18, 1944

In the Greenwood District of Sebastian County, Arkansas, and in Sebastian County as a whole County.

FOR the manufacture or sale of intoxicating liquors. AGAINST the manufacture or sale of intoxicating liquors.

INSTRUCTIONS: Each elector shall cross or strike out the parts of the ballot in such a manner that the remaining part be as he wishes to vote."

The ballot used in the Ft. Smith District was identical except that it read, "In the Ft. Smith District of Sebastian County," instead of reading as did the other ballot, "In the Greenwood District of Sebastian County."

The returns of the election showed the vote in the Greenwood District to be, for the sale of liquor, 471; against the sale of liquor, 1,313, a majority against the sale of liquor of 842. In the Ft. Smith District the vote was, for the sale of liquor 4,647; against the sale of liquor, 3,066, thus showing a majority in favor of the sale of liquor in the Ft. Smith District of 1,581, and a majority for the sale in the entire county of 739.

The expenses of the election conducted in each district were defrayed from the funds of each separate district, and upon the certification of the returns showing the results above stated, the county courts of these districts made and entered orders on March 20, 1944. These orders recited the finding, made on the order calling the election, that 15 per cent of the qualified electors of each district, and of the entire county, had petitioned that the election be called and held, and it was by the court, "Ordered, Adjudged and Declared that under the provisions of section 5 of art. 13 of the Constitution of the State of Arkansas relating to Sebastian county, and the enabling Acts passed pursuant thereto, that the result of the election in Greenwood District of Sebastian county must be declared separately and apart from the result of the election in the Ft. Smith District of Sebastian county, and that the vote of the Greenwood District of Sebastian county is not affected by the vote in the Ft. Smith District of Sebastian county. . . . It is by the Court further considered, ordered, adjudged and declared that it shall be unlawful for the Commissioner of Revenues of the State of Arkansas, or any county or municipal official to issue any license or permit for the manufacture or sale, barter, loan, or giving away of intoxicating liquor

in the Greenwood District of Sebastian county, for at least two years, and thereafter, unless the prohibition shall be repealed by a majority vote as provided in § one of the Initiated Act No. 1.''

Notwithstanding this order, appellant, who shows himself to be a proper person to whom a liquor permit could be issued, where it could be lawfully done, brought mandamus against the Commissioner of Revenues of this state, praying that the Commissioner be directed and required to issue him a permit. This prayer was denied, and from that order is this appeal.

The county court orders hereinabove recited are predicated as they expressly recite, upon the provisions of § 5, art. 13 of the Constitution of this state, which reads as follows:

''Sebastian County may have two districts and two county seats, at which county, probate and circuit courts shall be held as may be provided by law, each district paying its own expenses.''

The history of this unique and unusual provision found in our Constitution is narrated in the opinion in the case of *Jewett* v. *Norris,* 170 Ark. 71, 278 S. W. 652, and will not be repeated.

The effect of this provision of the Constitution is not to establish two county, probate and circuit courts in Sebastian county, but is rather to establish courts for each district of the county, so that the Ft. Smith District has a county court, and so also has the Greenwood District, and each has jurisdiction over its respective area.

The county court of the Greenwood District has the same jurisdiction within that district that the county court of another county would have in that county, and so also with the county court of the Ft. Smith District. Section 28 of art. 7 of the Constitution defines that jurisdiction and it reads as follows:

''The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads,

bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. The county court shall be held by one judge, except in cases otherwise herein provided.''

The jurisdiction thus conferred is exclusive and the county court of the Ft. Smith District and the county court of the Greenwood District, each, has exclusive jurisdiction of the matters mentioned in this section of the Constitution, each exclusive of the other as completely as if they were held in separate counties, each having sole and exclusive jurisdiction of those matters mentioned within the district, of which they are a part, but neither has jurisdiction over the county as a whole as to these matters.

Following the holding in the case of *Freeman* v. *Lazarus,* 61 Ark. 247, 32 S. W. 680, it was held in the very recent case of *Yarbrough* v. *Beardon,* 206 Ark. 553, 177 S. W. 2d 38, that: ''The issuance of a license to sell liquor is a matter of local concern,'' as much so as the removal of a county seat and for that reason it was held that the jurisdiction to determine a contest of the vote upon the question of liquor license is in the county court.

Now it does appear that the order made by the county court of the Greenwood District, and also the order made by the county court of the Ft. Smith District, each calls an election for the entire county, but it is also true that the order of the county court for the Greenwood District called an election to be held in that district and the order of the county court for the Ft. Smith District called an election to be held in that district, so that separate orders called for the respective elections in the respective districts. The order of the Greenwood District directing an election to be held not only in that district, but in the entire county, was effective only as to that district, and so also was the order of the Ft. Smith Dis-

trict directing an election to be held in that district and in the entire county.

There appears to have been no misapprehension which operated to confuse the electors in voting. Separate ballots were prepared for each district and they voted separately and separate returns were made by each district, these showing that one district voted wet, the other dry, and the vote of one district was not affected by the vote of the other.

It is pointed out that Initiated Act No. 1, pursuant to which the election was held, makes no provision for holding elections by districts of a county, but directs that the election "Be held in such County, Township, Municipality, Ward or Precinct to be affected thereby." Now of course under this Act an election might be held in any township, municipality, ward or precinct of either district of Sebastian county, but we are also of the opinion that the Act authorized an election by the districts of Sebastian county, for the reason that the districts of that county are in effect separate counties, so far as the "local concerns" of that county are involved. Such is the effect of the opinion in the case of *Jewett* v. *Norris, supra.* That case involved the applicability of the provisions of Amendment No. 10 to the Constitution to the respective districts of Sebastian county. This amendment authorized the counties, cities and incorporated towns of the state to issue bonds to discharge their outstanding indebtedness. Under the authority of this amendment the Ft. Smith District of Sebastian county, acting independently of the Greenwood District of that county, proposed to issue bonds to pay the outstanding indebtedness against that district. A citizen questioned this authority upon the ground that the Ft. Smith District was neither a county, city nor incorporated town within the meaning of the amendment.

After reviewing the history of § 5 of art. 13 of the Constitution, it was held that the Ft. Smith District of Sebastian county had authority to issue these bonds and so holding it was said (to quote a headnote) that: "The

two districts of Sebastian county, created by Constitution, art. 13, § 5, with powers defined by Acts 1874-5, pp. 86, 135, are to be regarded as separate counties within the meaning of Amendment 10 to the Constitution, authorizing counties to issue bonds to pay outstanding indebtedness."

The effect of this holding is that the districts of the county were regarded, for the purpose of the amendment, as separate counties. In other words, the separate districts of Sebastian county were as distinct as would be two separate counties, in the exercise of the jurisdiction conferred by § 28 of art. 7 of the Constitution which gives county courts jurisdiction over the fiscal affairs of the respective counties, and also confers jurisdiction in matters of local concern.

It is undisputed, in fact, it is stipulated, that the order made in each instance, called for an election to be held in the district in which the respective orders were made, although it is true that each of these orders also calls for an election to be held throughout the entire county. But this part of the order is not effective and was, in fact, mere surplusage. Had there been no authority for holding an election in the Greenwood District, except that contained in the order made in the Ft. Smith District, the election, so far as it related to the Greenwood District, would have been unauthorized, and therefore void, but orders were entered on the same day in each district, each of which orders contained jurisdictional recitals, the truth of which is not questioned, and each order directed that an election be held in the district in which the order was made. The effect of these orders, both valid as to the district in which made, but not valid as to the other district, was to order elections throughout the entire county. However, the elections were held as shown by the returns thereof, for the districts separately, and we think effect should be given to each election, that effect being that the Ft. Smith District voted wet and the Greenwood District voted dry. Mandamus was therefore properly denied.