SMALLEY *v.* CITY OF FORT SMITH.

5-3521                                           386 S. W. 2d 944

Opinion delivered February 22, 1965.

*Wayland Parker, Van Taylor* and *Donald Poe,* for appellant.

*Warner, Warner, Ragon & Smith* and *Bradley D. Jesson,* for appellee.

PAUL WARD, Associate Justice. This appeal stems from an effort to annex 1,594.97 acres of land to the City of Fort Smith. The annexation petition was signed (and filed in the County Court of the Fort Smith District) by residents and landowners of the affected lands. The proceedings were pursuant to Ark. Stat. Ann. § 19-301 et seq. as amended (Repl. 1956 and Supp. 1963). There is no dispute as to any procedural steps taken except as hereafter pointed out.

The County Court granted the annexation. In due time appellants (those opposing annexation) filed a petition in the Sebastian Circuit Court, Fort Smith District, contending the proceeding was contrary to the State Consitution; that the petition was not signed by the required number of property owners; that the land was not suitable for city development; that the "area" was not contiguous to the City of Fort Smith; and, that the County Court erred in refusing to allow certain signers to withdraw their names from the petition. The Circuit Court, after a full hearing, dismissed the petition and affirmed the County Court's order of annexation. On ap-

peal appellants urged for a reversal several separate points which we discuss below.

Appellants first contend "the petition must have a majority of the *resident* land owners in the area of annexation as well as a majority of the land owners who live in the Greenwood District". Appellants then point out there is no showing that the petition is signed by a majority of the land owners residing in the affected area. We do not agree with appellants in this contention. Apparently this interpretation is based on the wording of § 79 of Act 1 of 1875. We point out, however, that that section of the act was changed by § 1 of Act 142 of 1953 [now Ark. Stat. Ann. § 19-301 (Repl. 1956] which reads as follows:

"Whenever a majority of the real estate owners of any part of a county, contiguous to and adjoining any city or incorporated town, shall desire to be annexed to such city or town, they may apply by petition in writing to the county court of the county in which said city or town is situated, and shall name the person or persons authorized to act on behalf of the petitioners.

"The 'majority of real estate owners' referred to above shall mean a majority of the total number of real estate owners in the area affected, provided such majority of the total number of owners shall own more than one-half of the acreage affected."

It is undisputed that there are eight-one persons who own property and that forty-nine of them signed the petition. Eight of the signers asked to remove their names from the petition after it was filed in the County Court, but the court refused their request. This is also assigned as reversible error. We bypass a decision on the merits of that point because appellees still would have had sufficient names on the petition if the court had ruled otherwise.

In addition to other things appellees rely to some extent on Act 88 of 1963 (which plainly gives the Fort Smith District the express authority to annex the *area*

here involved) to sustain the trial court, but appellants say said act is unconstitutional because it is local legislation and therefore violates Amendment 14 to the State Constitution. For two reasons we find no merit in appellants' contention. We think the act makes a reasonable classification under our holding in *LeMaire* v. *Henderson*, 174 Ark. 298 S. W. 327. Also, legislation relating to the administration of justice is not local. See *Waterman* v. *Hawkins*, 75 Ark. 120, 86 S.W. 844, and *Buzbee* v. *Hutton*, 186 Ark. 134, 52 S.W. 2d 647.

It is also urged that the lands in the *area* are not suitable for annexation, but we cannot say there is not substantial evidence in the record to sustain the trial court's ruling. *Cantrell* v. *Vaughn*, 228 202, 306 S. W. 2d 863 lays down the rule of substantial evidence. The record shows that much of the *area* has already been platted for city residential development—to the extent of some two thousand platted lots covering most of the acreage; that the Fort Smith School District has already acquired a tract for school purposes; that arrangements are being made for a shopping center and for churches. Appellants seem to complain that other developed areas nearby were not included—but we know of no such statutory requirement. The annexation of any particular area depends on the facts of each individual case. The undisputed evidence shows the *area* here is contiguous to the City of Fort Smith.

The final question raised by appellants has given us some concern—that question is: Does Fort Smith (situated in the Fort Smith District of Sebastian County) have the constitutional right and power to annex property which lies wholly within the Greenwood District of Sebastian County?

Article 13, § 5 of the State Constitution reads:
"Sebastian County *may* have two districts and two county seats, at which county, probate and circuit courts shall be held as may be provided by law, each district paying its own expenses." (Emphasis supplied.)

It seems to be appellants' position that the present districts (Fort Smith District and Greenwood District) are to all intents and purposes the same as two separate and distinct counties, with the result that the courts of one district could have no jurisdiction over lands in the other district. We are not convinced, however, by that argument, for several reasons. It is noted the constitution does not compel Sebastian County to have two districts, nor does it specify the division line in case two districts were created. It is noted also that the preceding section of the constitution (§ 4) clearly indicates the legislature has the right to form new counties—i.e. to form new county lines. If it can change county lines it could undoubtedly change district lines—as by annexation. The case of *Williams* v. *State,* 160 Ark. 587, 255 S. W. 314, clearly shows that districts and counties are not alike in all respects. There it was held that Art. 2, § 10 of the Constitution providing that the venue in criminal prosecutions may be changed to any other county in the district, was not authority to change the venue from Greenwood District to the Fort Smith District (both in Sebastian County).

It is therefore our conclusion that the judgment of the trial court must be and it is hereby affirmed.

Affirmed.

McFADDIN, J., dissents.

ED. F. McFADDIN, Associate Justice (dissenting). I cannot reconcile the holding in the present case with our holding in *Scaramuzza* v. *McLeod,* 207 Ark. 855, 183 S. W. 2d 55, so I dissent from the present holding.

After referring to Act No. 88 of 1963, the Majority says the question is this: ''Does Fort Smith (situated in the Fort Smith District of Sebastian County) have the constitutional right and power to annex property which lies wholly within the Greenwood District of Sebastian County?'' I think the Scaramuzza case shows that the correct answer to this question is the negative.

In the said Scaramuzza case we quoted Article 5, Section 13 of the Constitution of Arkansas, and of that constitutional provision we said:

"The effect of this provision of the Constitution is not to establish two county, probate and circuit courts in Sebastian county, but is rather to establish courts for each district of the county, so that the Ft. Smith District has a county court, and so also has the Greenwood District, and each has jurisdiction over its respective area. The county court of the Greenwood District has the same jurisdiction within that district that the county court of another county would have in that county, and so also with the county court of the Ft. Smith District."

If the annexation here involved is permitted (as the Majority is approving), either that portion of the City of Fort Smith involved in this annexation will still remain under the jurisdiction of the Greenwood District, or a portion of the Greenwood District will be taken away from it and given to the Fort Smith District. I think such result violates the holding in *Scaramuzza* v. *McLeod, supra*. At all events, under the order here affirmed, the Fort Smith District is allowed to make an order affecting lands in the Greenwood District. I cannot agree with the Majority holding and therefore I respectfully dissent.