Steve HENSON, et al. *v.* FLEET MORTGAGE COMPANY

94-117                                                    892 S.W.2d 250

Supreme Court of Arkansas
Opinion delivered February 13, 1995

*Walters Law Firm, P.A.*, for appellant.

*Wilson & Associates, P.A.*, by: *Robert C. McKinney*, for appellant.

ANDREE LAYTON ROAF, Justice. This case involves the interpretation of two provisions of the Statutory Foreclosure Act of 1987, Ark. Code Ann. §§ 18-50-101 –18-50-116 (Supp. 1993). Appellants Steve and Debra Henson ("the Hensons") appeal the denial of their petition to set aside the nonjudicial foreclosure sale of their home. The Hensons contend appellee Fleet Mortgage Corporation did not comply with the requirements of Ark. Code Ann. §§ 18-50-103 and 18-50-104 (Supp. 1993). We find the chancellor erred and reverse and remand.

Pursuant to constitutional and statutory authority, Sebastian County, Arkansas, has two separate districts and maintains two county seats in Greenwood and Fort Smith. The Hensons executed a Deed of Trust and Deed of Trust Note in favor of First Western Loan Company which was secured by certain real property ("the Hensons' home") located within the *Greenwood District of Sebastian County*, Arkansas. Appellee Fleet Mortgage Corporation is the holder of the Deed of Trust and Deed of Trust Note through assignment from First Western Loan Company. Both documents were filed for record in the *Greenwood District of Sebastian County.*

On April 3, 1992, Fleet Mortgage filed a "Substitution of Trustee" in the *Fort Smith District of Sebastian County*. Wilson & Associates, P.A., was substituted as trustee of the Deed of Trust. On April 13, 1992, a "Trustee's Notice of Default and Intention to Sell" was filed in the *Greenwood District of Sebastian County*. The notice of default was filed by Wilson & Associates, P.A., and reflected that the property would be sold at the "Sebastian County Courthouse." On June 23, 1992, the property was sold at the Sebastian County Courthouse in Greenwood, Arkansas, and Fleet Mortgage purchased the property. The "Trustee's Deed by Substituted Trustee" which conveyed the property to Fleet Mortgage was signed by an attorney with Wilson & Associates, P.A.

On May 12, 1993, the Hensons filed a petition in the Chancery Court of Sebastian County, Greenwood District, to set aside the statutory foreclosure sale. The chancellor found that the alleged irregularities in the sale did not harm or prejudice the rights of the Hensons sufficiently to set aside the sale and denied the petition. On appeal, the Hensons contend the trial court erred in finding that the foreclosure sale was not rendered void by appellee's failure to file a substitution of trustee in the Greenwood District of Sebastian County and its failure to accurately identify the place of the sale. We agree with the Hensons that the statutory foreclosure sale is void.

Fleet Mortgage's substitution of trustee was filed in the Fort Smith District of Sebastian County. Arkansas Code Ann. § 18-50-103 (Supp. 1993) provides in part:

> A trustee or mortgagee, as the case may be, *may not exercise a power of sale* unless:
>
> (1) The deed of trust or mortgage, any assignments of the mortgage by the mortgagee or of the deed of trust by the trustee or the beneficiary, and any *substitution of trustee are filed for record with the recorder of the county in which the trust property is situated*; . . .

(Emphasis supplied.) Although Fleet Mortgage filed the substitution of trustee in Sebastian County, the property in question is located in the Greenwood District rather than the Fort Smith District. Fleet Mortgage never filed a substitution of trustee in the Greenwood District of Sebastian County.

Arkansas Code Ann. § 14-15-401 (1987) provides:

> There shall be established in each county in this state an office to be styled the *recorder's office*, which shall be kept at the *seat of justice of each county*. The recorder shall duly attend to the duties of such office and who (sic) shall provide and keep in his office well-bound books in which he shall record, in a fair and legible hand, all instruments of writing authorized or required to be recorded in the manner provided.

(Emphasis supplied.) Although this statute specifies the recorder's office shall be kept at the seat of justice, Ark. Const. art. 13, § 5 provides:

> Sebastian County may have two districts and two county seats, at which county, probate and circuit courts shall be held as may be provided by law, each district paying its own expenses.

Further, Ark. Code Ann. § 14-14-202(e) (1987) provides:

> Sebastian County may have two (2) districts and two (2) county seats, at which county, probate, and circuit courts shall be held as may be provided by law, each district paying its own expenses. However, nothing in this section shall be construed as requiring Sebastian County to maintain two (2) districts or two (2) county seats, nor construed as authorizing the establishment of two (2) county quorum courts and two (2) county courts.

In accordance, Sebastian County has the Fort Smith District and the Greenwood District with a county courthouse in each location. *See Robinson* v. *Sebastian Cty. Quorum Court*, 258 Ark. 798, 528 S.W.2d 930 (1975).

Arkansas Code Ann. § 18-50-103 (Supp. 1993) provides the substitution of trustee must be filed with *"the recorder of the county* in which the trust property is situated." (Emphasis supplied.) However, Sebastian County has two districts. Thus, we must determine whether the districts of Sebastian County are in effect separate counties, so far as the requirements of § 18-50-103 are involved.

■■ The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *McCoy* v. *Walker*, 317 Ark. 86, 876 S.W.2d 252 (1994); *Mountain Home Sch. Dist.* v. *T.M.J. Builders, Inc.*, 313 Ark. 661, 858 S.W.2d 74 (1993). The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the legislature. *McCoy, supra.* In interpreting a statute and attempting to construe legislative intent, the appellate court looks to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate means that throw light on the subject. *McCoy, supra; Gritts* v. *State*, 315 Ark. 1, 864 S.W.2d 859 (1993).

In *Scaramuzza* v. *McLeod, Commissioner of Revenues*, 207 Ark. 855, 183 S.W.2d 55 (1944), this Court found each district of Sebastian County was authorized to hold separate elections to determine whether or not license should be granted for the manufacture or sale of liquor within such district. We noted:

> Initiated Act No. 1, pursuant to which the election was held, makes no provision for holding elections by districts of a county, but directs that the election "Be held in such County, Township, Municipality, Ward or Precinct to be affected thereby."

In accordance, we held the districts of Sebastian County "are in effect separate counties, so far as the 'local concerns' of that county are involved."

Similarly, in *Jewett* v. *Norris*, 170 Ark. 71, 278 S.W. 652 (1926), this Court found the two districts should be treated "as if they were in fact separate counties, so far as their fiscal affairs are concerned." We concluded each district was authorized to issue bonds to pay its outstanding indebtedness. However, in *Reeves* v. *Been, Treasurer*, 217 Ark. 67, 228 S.W.2d 609 (1950), this Court concluded that it is not mandatory under the Arkansas Constitution to treat the two districts as wholly separate counties. We found Sebastian County was to be treated as a composite unit of government for purposes of Act 327 of 1941 as amended which related to the County Board of Education and the County School Supervisor.

■■■■ In the instant case, we find the more sensible approach is to treat the two districts as separate counties, so far as the requirements of § 18-50-103 are involved. If documents such as the mortgage, the assignment of the mortgage, and the substitution of trustee are filed in separate districts, neither location would have complete real property records, and the records in both districts would need to be searched. We have found that a literal application which leads to absurd consequences should be rejected where an alternative interpretation effects the statute's purpose. *Stover* v. *Stover*, 287 Ark. 116, 696 S.W.2d 750 (1985). We find the General Assembly intended for all documents relating to the same piece of real property be filed in the same location. Consequently, we find that under the circumstances presented the General Assembly intended such documents to be filed with the recorder in the district which the property is situated.

As to the appellants' second point, Fleet Mortgage's notice of default reflected that the property would be sold at the "main door of the Sebastian County Courthouse." The notice was filed in the Greenwood District of Sebastian County, and the Hensons' home was sold at the Sebastian County Courthouse in Greenwood. The Hensons, however, contend the notice provided was defective in that it failed to specify the particular district and place at which the sale was to occur.

Under Ark. Code Ann. § 18-50-103 (Supp. 1993) the trustee may not exercise a power of sale unless the notice of default and intention to sell contains the information required by § 18-50-104. Arkansas Code Ann. § 18-50-104 (Supp. 1993) provides:

(a) The mortgagee's or trustee's notice of default and intention to sell shall set forth: . . .

(7) The time, date, and *place of sale.*

(Emphasis supplied.) Further, Ark. Code Ann. § 18-50-107 (Supp. 1993), Manner of sale, provides that the sale shall "[b]e held either at the premises of the trust property or at the front door of the county courthouse of the county in which the trust property is situated." In the instant case, the notice did not specify the town or even the district in which the courthouse was located. Further, in its brief, the appellee admits there are two Sebastian County Courthouses.

The appellee simply submits that there is no requirement in the Statutory Foreclosure Act that the trustee exercising the power of sale must designate a particular district. However, we note that § 18-50-104 requires the notice to set forth the "time, date, and *place of sale.*" (Emphasis supplied.) Because of the two districts and two courthouses in Sebastian County, we find the phrase "Sebastian County Courthouse" encompasses two distinct locations for the "place of sale." Since the notice in essence specified two possible locations for the sale, we hold Fleet Mortgage failed to set forth the "place of sale."

Although the trial court found that the alleged irregularities in the sale did not harm or prejudice the rights of the Hensons sufficiently to set aside the sale, we find the sale should have been set aside. Any statute which is in derogation of or at variance with the common law must be strictly construed. *Simmons First Nat'l Bank* v. *Abbott*, 288 Ark. 304, 705 S.W.2d 3 (1986). Further, § 18-50-103 provides the trustee *may not exercise a power of sale* unless the specified requirements are satisfied.

In *Craig* v. *Meriwether*, 84 Ark. 298, 105 S.W. 585 (1907), this Court held that a sale under the power in the mortgage without complying with the relevant statutes was invalid. With regard to Kirby's Digest, §§ 5416-5417, the Court wrote:

> The statute imposes conditions upon the exercise of the power of sale contained in a mortgage or deed of trust, viz., that the property shall first be appraised, and that at the sale it shall bring two-thirds of the appraised values.

> It impliedly commands the mortgagee or trustee not to proceed with the sale until these conditions are performed, and no valid sale can be made until they are performed.

The Court noted that the mortgagee, when the defect in the sale is discovered, can have another sale conducted, either under the power of sale or by suit in equity. *See also Kelley* v. *Graham*, 70 Ark. 490, 69 S.W. 551 (1902) (where this Court noted a sale was void because the justice of the peace who appointed the appraisers, as well as the appraisers who appraised the property, were not from the county in which the land was located as required by statute); *Stallings* v. *Thomas*, 55 Ark. 326, 18 S.W. 184 (1892)(where sale was void because of an unauthorized substitution of trustee).

Reversed and remanded.