The Honorable Roger Smith State Representative 13 South Pego Way Hot Spring Village, AR 71909-2828
Dear Representative Smith:
You have requested an Attorney General opinion concerning Act 101 of 1999, which was an act to provide for public access to automated external defibrillators.
You have asked:
 In the phrase "without compensation," as used in Section 5 of Act 101 of 1999, does the term "compensation" refer specifically to a payment for the emergency service rendered?
Section 5 of Act 101 of 1999 states in pertinent part:
 (a) Any person or entity who in good faith and without compensation
renders emergency care or treatment by the use of an automated external defibrillator is immune from civil liability for any personal injury as a result of the care or treatment, or as a result of any act or failure to act in providing or arranging further medical treatment, if the person acts as an ordinary, reasonably prudent person would have acted under the same or similar circumstances.
 (b) The immunity from civil liability for any personal injury under (a) of this section includes: the physician or medical authority who is involved with AED site placement, the person or entity who provides the CPR and AED training, and the person or entity responsible for the site where the AED is located.
 (c) The immunity from civil liability under (a) of this section does not apply if the personal injury results from the gross negligence or willful or wanton misconduct of the person rendering the emergency care.
Acts 1999, No. 101, § 5 (emphasis added).
The phrase "without compensation," as used in the above-quoted statute, is not defined. Although it is not entirely clear what scenario you have envisioned in presenting your question, and although the answer to your question may depend upon certain specific facts of the scenario about which you are inquiring, it is nevertheless my general opinion that the phrase "without compensation" does refer specifically to compensation for the emergency service rendered.
I base this general conclusion on the context of the usage of the phrase and upon other language in the Act.
First, subsection (a) in which the phrase appears, makes no reference to any activity other than the rendering of emergency care or treatment through the use of an automated external defibrillator. Because the drafters of this legislation obviously were aware that the described emergency care or treatment could be rendered by persons who receive compensation from some other source, they clearly did not intend for the phrase to mean without compensation from any source. It is clear from the context that the phrase "without compensation" means without compensation for rendering the emergency care or treatment through the use of an automated external defibrillator.
Any other interpretation of the phrase would lead to the absurd result that only persons who receive no compensation from any source would be entitled to the immunity granted by the Act. The Arkansas Supreme Court has held that legislation should not be interpreted in a manner that would lead to an absurd result. See, e.g., Citizens to Establish a ReformParty v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v. FleetMtg. Co., 319 Ark. 491, 892 S.W.2d 250 (1995).
It is also clear from the statement of legislative intent in Section 2 of the Act that a goal of the Act was to make automated external defibrillators more readily available to the public.[1] My interpretation of the phrase "without compensation" as explained above is more consistent with such a goal than any other interpretation of that phrase, because it extends immunity to a wider range of persons.
I must therefore conclude that the phrase "without compensation," as used in Act 101 of 1999 refers specifically to compensation for the emergency service rendered.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The Act appears to have been directed at situations in which a volunteer makes use of a defibrillator in an emergency situation. For this reason, the act does not appear to be applicable to emergency personnel who are specifically compensated for handling emergency situations. Nevertheless, situations could arise in which the specific facts would dictate that such personnel should come within the provisions of the Act.