The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936-0280
Dear Senator Walters:
You have asked for my opinion on the following question:
 Would the circuit clerk be required to accept for filing in the Greenwood District of Sebastian County a certified copy of a deed describing property that lies in the Greenwood District of Sebastian County when the deed had previously been inadvertently filed in the Fort Smith District of Sebastian County?
You indicate in your request that the city limits of Fort Smith constitute the boundary between the two districts, each of which hosts its own county courthouse and court system. Because the district boundaries shift with the changing city limits, deeds are frequently filed in the wrong district. Title companies reportedly frequently condition closing on filing a mistakenly recorded deed in the proper district. However, you report that the Sebastian County Circuit Clerk, in an effort to discourage unnecessary recordings, has recently announced that she will refuse to accept for recording any document that is a certified copy of a document already recorded in another district. The question, then, is whether the clerk is obligated to accept such filings.
RESPONSE
In my opinion, the circuit clerk must accept for filing a certified copy of any deed presented in the district of Sebastian County in which the real property is located, regardless of whether the deed has already been filed in the other district.
Article XIII, § 5 of the Arkansas Constitution provides:
 Sebastian County may have two districts and two county seats, at which county, probate and circuit courts shall be held as may be provided by law, each district paying its own expenses.
Subsection 14-14-201(e) of the Arkansas Code further provides:
 Sebastian County may have two (2) districts and two (2) county seats, at which county, probate, and circuit courts shall be held as may be provided by law, each district paying its own expenses. However, nothing in this section shall be construed as requiring Sebastian County to maintain two (2) districts or two (2) county seats, nor construed as authorizing the establishment of two (2) county quorum courts and two (2) county courts.
As noted in your request, Sebastian County has exercised this authority by establishing a Fort Smith district and a Greenwood district, with a county courthouse at each location.
The duties of the clerk, in her capacity as recorder, are set forth at A.C.A. § 14-15-401, which provides:
 There shall be established in each county in this state an office to be styled the recorder's office, which shall be kept at the seat of justice of each county. The recorder shall duly attend to the duties of such office and who [sic] shall provide and keep in his office well-bound books in which he shall record, in a fair and legible hand, all instruments of writing authorized or required to be recorded in the manner provided.
The statutory provision authorizing the recording of deeds is set forth at A.C.A. § 14-15-404(b), which provides that no deed or other instrument relating to land shall be valid against a subsequent purchaser or judgment creditor who lacks actual notice thereof "unless the deed, bond, or instrument, duly executed and acknowledged or proved as required by law, is filed for record in the office of the clerk and ex officiorecorder of the county where the real estate is located." (Emphasis added.)
The highlighted passage just quoted suggests that the filing of a real estate record in either district of Sebastian County would suffice to provide the constructive notice that triggers the described statutory protections, since both districts are contained within "the county." If this were the case, it would appear that the clerk might indeed exercise her discretion by refusing to accept duplicate filings.
However, the Arkansas Supreme Court has made clear that for purposes of maintaining property records, the two districts of Sebastian County should be considered separate counties. In Henson v. Fleet MortgageCompany, 319 Ark. 491, 892 S.W.2d 250 (1995), the Court set aside a nonjudicial foreclosure sale in part because a "Substitution of Trustee" notice had been filed in the wrong district of Sebastian County. At issue was the application of the following statute:
 A trustee or mortgagee, as the case may be, may not exercise a power of sale unless:
 (1) The deed of trust or mortgage, any assignments of the mortgage by the mortgagee or of the deed of trust by the trustee or the beneficiary, and any substitution of trustee are filed for record with the recorder of the county in which the trust property is situated. . . .
A.C.A. § 18-15-103.[1] Significantly, this statute, like A.C.A. §14-15-404(b), suggests that a filing will be perfected simply by recording in "the county." Nevertheless, the Court looked beyond this apparently unambiguous language and couched the issue as follows: "[W]e must determine whether the districts of Sebastian County are in effect separate counties, so far as the requirements of § 18-50-103 are involved." 319 Ark. at 495. The Court unequivocally answered this question in the affirmative, justifying its decision as follows:
 If documents such as the mortgage, the assignment of the mortgage, and the substitution of trustee are filed in separate districts, neither location would have complete real property records, and the records in both districts would need to be searched. We have found that a literal application which leads to absurd consequences should be rejected where an alternative interpretation effects the statute's purpose. Stover v. Stover, 287 Ark. 116, 696 S.W.2d 750 (1985). We find the General Assembly intended for all documents relating to the same piece of real property [to] be filed in the same location. Consequently, we find that under the circumstances presented the General Assembly intended such documents to be filed with the recorder in the district which the property is situated.
319 Ark. at 496.[2]
I must confess to feeling some tension between the Court's holding inHenson and the rule it itself invokes in the course of its opinion: "The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." Id. at 495. It appears that the Sebastian County Clerk has wrongly interpreted "county" to mean "county," not "district," prompting her to conclude that any multi-district filing is an unnecessary nuisance. Nevertheless, the Supreme Court has concluded that, given the administrative complications that would result, it would be "absurd" to interpret the statute literally. In the best of all possible worlds, it may be that the legislature would have undertaken what amounts to the Supreme Court's amendment of the legislation at issue. However, the Court has spoken and the result is the same. This holding has major implications for real estate filings in Sebastian County, for it implies that a deed inadvertently filed in the wrong district is effectively not filed at all — a fact the title companies apparently appreciate. Consequently, given the sacrosanct nature of property rights, it is imperative that the clerk enable property owners to remedy inadvertent misfilings by allowing them to file certified copies of deeds in the district where the property is located.
Finally, although you do not directly address this issue, I sense some concern in your request that the documents at issue are certified copies, not originals. I am attaching for your convenience Ark. Op. Att'y Gen. No. 98-183, which explains and fully supports my opinion that a certified copy of a deed is the equivalent of an original and should be accepted for filing without challenge.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure
[1] This statute was amended by Act 983 of 1999 to read as follows:
A trustee or mortgagee may not sell the trust property unless:
 (1) The deed of trust or mortgage is filed for record with the recorder of the county in which the trust property is situated
Although this amendment may have implications when a "Substitution of Trustee" notice is misfiled, it effects no change with respect to the filing or misfiling of deeds.
[2] In support of its holding, the Court invoked Scaramuzza v. McLeod,Commissioner of Revenues, 207 Ark. 855, 183 S.W.2d 55 (1944), in which it was held that the districts of Sebastian County should vote separately on the issue of liquor sales. The Court in McLeod concluded that the districts "are in effect separate counties, so far as the `local concerns' of that county are involved." Id. at 861. The Court in Henson
further invoked Jewett v. Norris, 170 Ark. 71, 278 S.W. 652 (1926), in which each district was authorized to issue bonds to discharge its indebtedness. The Court pronounced that the two districts should be treated "as if they were in fact separate counties, so far as their fiscal affairs are concerned." Id. at 653.