TABOR *v.* O'DELL.

4-8440                                            208 S. W. 2d 430

Opinion delivered February 16, 1948.

*Claude A. Fuller* and *Festus O. Butt,* for appellant.

*Woody Murray,* for appellee.

GRIFFIN SMITH, Chief Justice. The appeal is from a judgment that petitions filed with the County Court were sufficient to require an election under Initiated Act No. 1 of 1942-3. The measure deals with intoxicating liquors.

Appellants think that because Act 74 of 1883 divided the County into two districts for Circuit, Chancery, and Probate Court purposes, it must have been in legislative contemplation that County Court—in respect of subject matter—would not have jurisdiction if rights enjoyed by citizens of one district would be prejudiced by action of citizens of the other district. Specifically it is argued that self-determination is a right enjoyed by subdivisions within the County; hence, the Eastern District (with Berryville as the site of government) should not be permitted to add the names of its petitioners to those originating in the Western District (Eureka Springs) when the result of an election participated in by the County as a whole might defeat the will of those voting in the Western District.

Reliance is upon Act 147 of 1901 authorizing separate voting in the Eastern and Western Districts " . . . at any general election 'for license'; [whereupon] the County Court may grant dramshop or drinking saloon license in said District''.

It is not necessary to determine whether Act 30 of 1915, applicable to the state, repealed Act 147. It prohibits issuance of license and repeals conflicting laws. To the same effect is Act 13 of 1917, known as the Bone Dry Law.

Effect of our holdings is that Act 108 'of 1935, as amended, and Initiated Act No. 1 of 1942-3, must be looked to for authority to engage in liquor transactions. *Hughes* v. *State,* 209 Ark. 125, 189 S. W. 2d 713. The opinion cites *Mondier* v. *Medlock,* 207 Ark. 790, 182 S. W. 2d 869, where it was said that the formula promulgated in Initiated Act No. 1 "was complete in respect of elections", and that "no essential constituent of an election is left to intendment". In the light of these and related holdings, we must refer to the Initiated Act for guidance. It provides that when the requisite number of electors shall petition the Court of any County, the Court shall order a special election "to be held in such County, township, municipality, ward, or 'precinct, to be affected thereby".

It was decided in *Denniston, County Judge* v. *Riddle,* 210 Ark. 1039, 199 S. W. 2d 308, that when a County as a whole votes "dry", no subdivision may thereafter have a separate vote on the liquor issue.

Distinction between the facts here presented, and issues adjudicated in *Scaramuzza* v. *McLeod, Commissioner of Revenues,* 207 Ark. 855, 183 S. W. 2d 55, is that by Sec. 5, art. 13, of the Constitution, two county seats were authorized for Sebastian County, "at which *County,* Probate, and Circuit Courts shall be held as may be provided by law."

The Act of 1883 applicable to Carroll County, after creating divisions for Circuit, Chancery, and Probate Courts, directs that certain things be done (p. 115) "by the County Court of Carroll County". The County Clerk (Sec. 18) must keep financial records, each to be as distinct "as though the two Districts were separate . . . counties".

These provisions do not sustain appellants in their argument that the County Judge has separate jurisdictions as to subject matter. On the contrary, reference in Section 15 to "the County Judge of Carroll County" negatives the thought that the limitation contended for was intended. [See *Belford* v. *State*, 96 Ark. 274, 131 S. W. 953].

Affirmed.