GRUBBS v. ROWLAND, COUNTY CLERK.

5-1205                                           296 S. W. 2d 201

Opinion delivered October 30, 1956.

*Clifton Bond,* for appellant.

*John F. Gibson* and *Ike Murry,* for appellee.

LEE SEAMSTER, Chief Justice. The appellant, as a citizen and taxpayer of Bradley County, Arkansas, has appealed from a decree of the Bradley Chancery Court, directing the County Clerk to amend his Certificate of Sufficiency of a petition calling for a local option election. The court also ordered "that the Board of Election Commissioners of Bradley County, Arkansas shall cause to be held a local option election and shall place upon the general election ballot to be voted on November 6, 1956, the following words and/or phrases, 'For the manufacture or sale of intoxicating liquor' — 'Against the manufacture or sale of intoxicating liquor.' "

For reversal, the appellant contends: (1) The calling of the election is barred by the two year statute of limitations set out in Arkansas Statute 48-802; (2) The Petition praying for an election is not prepared in compliance with Initiated Act No. 1 of 1942 as amended by Act 15 of 1955.

It is stipulated by the parties that a local option election, on the wet and dry issue, was held in Bradley County, Arkansas, on August 7, 1954; that the county had permitted the sale of intoxicating liquors before the election but voted dry at said election; that due to a contest of that election, intoxicating liquors were sold in the county until February 6, 1956, when the licenses and permits for sale of intoxicating beverages were cancelled by the Department of Alcoholic Beverage Control, pursuant to a decision and judgment of the Arkansas Supreme Court.

The controlling statute in this case is Arkansas Statutes, Section 48-802, which provides, in part: "If at said election a majority of the electors voting at said election vote 'For the Manufacture or Sale of Intoxicating Liquors,' then it shall be lawful for the Commissioner of Revenues of the State of Arkansas to continue to issue licenses, or permits, for such manufacture or sale within

said designated territory as if no election had been held. If a majority of said electors voting at said election vote 'Against the Manufacture or Sale of Intoxicating Liquors,' then it shall be unlawful for the Commissioner of Revenues of the State of Arkansas, or any county or municipal official to issue any license, or permit, for the manufacture, sale, barter, loan or giving away of any intoxicating liquor as defined in this act, for at least two (2) years, and thereafter, unless the prohibition shall be repealed by a majority vote as provided for in Section 1 (48-801) of this act. In either case, a period of two (2) years at least shall elapse before another election on the same subject may be held in the territory affected. * * * ''

The language of the above mentioned statute clearly states that a period of two years shall elapse before another election on the same subject may be held in the territory affected. In other words, it is lawful to have a local option election every two years provided there is a substantial compliance with the statute.

The Local Option Petition filed herein recites, ''We the undersigned legal voters of Bradley County, Arkansas, pray that an election be held in Bradley County at the regular general election to be held in said county on November 6, 1956, as to whether or not license shall be granted for the manufacture, sale, bartering, lending and giving away intoxicating liquors in Bradley County, Arkansas.''

The language contained in the petition is in substantial compliance with Section 48-801, Arkansas Statutes, which is Section 1 of Initiated Act No. 1 of 1942. The only variance in language is that the petition says, ''lending'' and the Act says ''loaning.'' However, this slight variance of language does not affect the legality of the petition.

The petition further set out that it was ''An Act to Legalize the Manufacture, Sale, Bartering, Lending and giving away of Intoxicating Liquor within Bradley County, Arkansas.'' The trial court held that portion of the

petition invalid, due to the fact there is a general law in this State which governs the manufacture and sale of intoxicating liquors. This general law is held in abeyance when a county votes dry and is reactivated when a county votes wet. A county cannot pass a local law while a general law covering the same subject is in effect.

The trial court correctly decreed that the County Clerk should amend his certificate to the election board to eliminate the question of the initiated local act from the ballot. The court was also correct in holding that the local option issue should be certified to the Board of Election Commissioners to be voted upon under the designation, "For the manufacture or sale of intoxicating liquors, or, Against the manufacture or sale of intoxicating liquors."

The petition was found to contain signatures of more than fifteen percent of the legal voters of Bradley County and there is no question raised as to the sufficiency of the petition in this regard.

We hold that fifteen percent of the legal voters of any county can call a local option election, at the time of any general election, by filing a petition within the time provided by law, with the County Clerk praying that an election be held to determine whether or not license shall be granted for the manufacture, sale, bartering, loaning or giving away of intoxicating liquor. If the Clerk finds that fifteen percent or more of the legal voters in said county have duly signed the petition it is his duty to certify the sufficiency of the petition to the County Board of Election Commissioners and they are required to place the question on the general election ballot in the following way, "For the manufacture or sale of intoxicating liquor" and "Against the manufacture or sale of intoxicating liquor."

Local option elections may be held at the time of holding the general elections, which is every two years.

Decree affirmed.