CARTER *v.* REAMEY.

5-1970                                        335 S. W. 2d 298

Opinion delivered May 16, 1960.

*Ike Murry* and *W. P. Switzer*, for appellant.

*Arnold & Hamilton; A. James Linder,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a mandamus action brought by appellant, Carter, against appellees, Reamey *et al.* From a judgment of the Circuit Court denying the prayed relief, there is this appeal, which necessitates a decision as to the validity of Act No. 359 of the General Assembly of 1957, captioned:

"An Act Granting and Empowering Counties and Municipalities to Hold Certain Types of Elections Under Amendment Number Seven to the Constitution of the

State of Arkansas and the Enabling Acts Pertaining Thereto; and for Other Purposes.''

Ashley County is a ''dry'' County — the sale of intoxicating liquor therein having been prohibited several years ago. In 1958 West Crossett was an incorporated Town[1] in Ashley County; and appellant, Carter, as a citizen and taxpayer of West Crossett, sought to have an election held in the Town under the provisions of said Act No. 359 of 1957. A petition was filed, praying for said election on the issue: ''An Act to Legalize the Sale of Beer for Off-premise Consumption Only Within the Corporate Limits of West Crossett, Arkansas''. At first, the County Board of Election Commissioners (appellees here) voted to put the issue on the ballot at the General Election in November, 1958; later, two of the three Commissioners attempted to rescind the action; but the third Commissioner claimed the rescinding action was illegal and had a typewritten sticker prepared and used at the General Election in November, 1958. After the said election, the County Board of Election Commissioners, by a majority vote, refused to recognize the validity of the election or the typewritten ballot, and also refused to certify the result of the election regarding the liquor issue. Thereupon, appellant, as a citizen and taxpayer in West Crossett, filed this mandamus action, and the Circuit Court denied the prayed relief after an extended hearing. This appeal resulted.[2]

The election on the beer issue in West Crossett was attempted under the provisions of said Act No. 359, so the first essential of the appellant is to sustain the validity of the said Act. It would be an idle thing to mandamus the Election Commissioners to certify the vote on the beer issue in West Crossett if the Act No. 359 be

[1] The records in the Office of the Secretary of State show that West Crossett became an incorporated Town on June 18, 1937; but a Certificate of Revocation was filed in the office of the Secretary of State on February 11, 1959, which was after the Circuit Court proceedings in this case and is mentioned only for information.

[2] The record of this case in this Court deserves explanation. The appeal was submitted on November 16, 1959; the Court then asked for additional briefs; and counsel for both sides graciously complied with such request. Then the Court invited all counsel to appear for further discussion; and that invitation was likewise accepted.

invalid: there could have been no valid election under the Act unless the Act itself be valid. Our research discloses that the said Act No. 359 is invalid, because it did not receive enough votes to amend or repeal any part of the Initiated Act No. 1 of 1942, which was the controlling Act regarding elections for the sale of intoxicating liquor.

Initiated Act No. 1 of 1942 (hereinafter called "Initiated Act No. 1") was adopted by the People of Arkansas at the General Election of 1942. It may be found at Pages 998 *et seq.* of the printed Acts of 1943, and may also be found in § 48-801 *et seq.* Ark. Stats. The Initiated Act is captioned:

"An Act to Amend The Liquor Laws of the State of Arkansas So As To Provide for Better Local Option Laws, for Prohibiting the Manufacture or Sale, or the Bartering, Loaning or Giving Away of Intoxicating Liquors, for Defining Intoxicating Liquors, for Fixing Penalties for the Violation of the Law in Territory Made Dry Under the Provisions of This Act, and for Other Purposes".

The Initiated Act applies to all types of intoxicating liquor: the last sentence of Section 2 being: "Intoxicating liquor is hereby defined to include any beverage containing more than one-half of one percent of alcohol by weight." The Arkansas Legislature had previously defined beer: "The term 'beer' means any fermented liquor made from malt or any substitute therefor and having an alcoholic content of not in excess of 3.2 percent by weight". (Section 1 of Act No. 7 of the Extraordinary Session of the Legislature of 1933, as now found in § 48-503 Ark. Stats.) In the case of *Denniston* v. *Riddle,* 210 Ark. 1039, 199 S. W. 2d 308, which was followed in *Tabor* v. *O'Dell,* 212 Ark. 902, 208 S. W. 2d 430, it was held that after a county as a whole votes dry no subdivision within the county may thereafter hold a separate wet-dry election. Our holding was based upon the fact that the Thorn Liquor Law was a borrowed Kentucky statute which had already been so construed in Kentucky when it was adopted by our legislature. In the *Denniston* case we quoted

from a Kentucky decision that adopted the following rule: "When a statute provides that after the lapse of a specified time the question of revoking an order declaring prohibition to be in force by virtue of a prior adoption may be submitted, the resubmission must be to the voters of the entire territory embraced in the former election."

We pointed out in the *Denniston* opinion that nothing in Initiated Act No. 1 had repealed the pertinent parts of the Thorn Liquor Law, but it was not then necessary to say whether those sections of the Thorn Law had been substantially re-enacted by the Initiated Act. That is the question now posed. We are of the opinion that there was such a re-enactment. The sentence that we have quoted above from the Kentucky court's decision is applicable not only to the Thorn Law but also to this provision in the Initiated Act: "If a majority of said electors voting at said election vote 'AGAINST the Manufacture or sale of Intoxicating Liquors', then it shall be unlawful for the Commissioner of Revenues of the State or Arkansas, or any County or Municipal official to issue any license, or permit, for the manufacture, sale, barter, loan, or giving away of any intoxicating liquor as defined in this act, for at least two years, and thereafter, unless the prohibition shall be repealed by a majority vote as provided for in Section 1 of this Act." Ark. Stats. 1947, § 48-802. It is therefore our conclusion that the Initiated Act in substance re-enacts that portion of the Thorn Law which was construed in the *Denniston* case as preventing any subdivision of a dry county from having a separate vote upon the liquor question.

It is the claim of the appellant in this case that the Act No. 359 of 1957 allows the municipality of West Crossett to have a separate election for the sale of beer in West Crossett, even though Ashley County is "dry". It is clear, in the light of our decisions, that if said Act No. 359 could accomplish any such purpose, then it would be an amendment of the Initiated Act No. 1, as

heretofore mentioned. Section 8 of Amendment No. 7 of the Arkansas Constitution says:

"No measure approved by a vote of the people shall be amended or repealed by the General Assembly or by any City Council, except upon a yea and nay vote on roll call of two-thirds of all the numbers elected to each house of the General Assembly, or of the City Council, as the case may be."

The records of the General Assembly, of which we take judicial notice,[3] disclose that the Act No. 359 of 1957 was H. B. No. 459, and that the measure passed the House of Representatives by a vote of 52 to 30, and passed the Senate by a vote of 18 to 11. To validly amend the Initiated Act No. 1, the Legislative Act No. 359 would have been required to receive 67 votes in the House and 24 votes in the Senate — being two-thirds of all elected members of each House: Section 8 of Constitutional Amendment No. 7 so prescribes. The Act No. 359 did not receive the required number of votes to amend Initiated Act No. 1 of 1942 so as to allow a municipality in a "dry" County to have a separate vote on the sale of beer in such municipality.

We, therefore, conclude that the Act No. 359 of 1957 was ineffectual to accomplish the election here sought by the appellant, and that it would be an idle thing for the Election Commissioners to be required to certify the result of the election when such result could have no possible effect looking toward the sale of beer in West Crossett.

Affirmed.

HARRIS, C. J., concurs.

ROBINSON, J., dissents.

---

[3] *Fulkerson* v. *Refunding Board*, 201 Ark. 957, 147 S. W. 2d 980; *Connor* v. *Ricks*, 212 Ark. 833, 208 S. W. 2d 10; and other cases collected in West's Arkansas Digest "Evidence" § 33.