H. Clay ROBINSON et al *v.*
GREENWOOD DISTRICT, SEBASTIAN
COUNTY QUORUM COURT

75-252                                          528 S.W. 2d 930

Opinion delivered November 3, 1975

*Charles Karr,* Pros. Atty., for appellants.

*John I. Purtle,* for appellee.

FRANK HOLT, Justice. The appellants, who comprise the Sebastian County election commission were mandamused by the trial court to create two separate quorum courts in that county, i.e., the Greenwood District, the appellee, and the Fort Smith District in accordance with the provisions of Act 128 of 1975. Appellants contend that the trial court erred in holding Section 13 of that Act constitutional. It is appellants' argument that this section of the Act is in irreconcilable conflict with our recent Amendment 55 to the Constitution of Arkansas (1874). We must agree.

It is true as appellee argues that Sebastian County has had two separate districts for one hundred years (Greenwood and Fort Smith) with each having its own quorum court. This is so because our state constitution contains a unique provision with respect to Sebastian County. Article 13, Section 5 provides "Sebastian County may have two districts and two county seats, at which county, probate and circuit courts shall be held as may be provided by law, each district paying its own expenses." In *Jewett* v. *Norris*, 170 Ark. 71, 278 S.W. 652 (1926), we observed:

> Obviously the purpose of the provision of the Constitution set out above was to make valid and constitutional subsequent legislation like that which had been stricken down **** [or] was declared unconstitutional.

See *Patterson* v. *Temple*, 27 Ark. 202 (1871); and *Jones, ex parte*, 27 Ark. 349 (1871). In *Scaramuzza* v. *McLeod, Commr. of Revenues*, 207 Ark. 855, 183 S.W. 2d 55 (1944), and *Jewett, supra*, we recognized that both of these districts of Sebastian County are as distinct and separate as are two counties with respect to jurisdiction in matters of local concern and fiscal affairs.

In 1974, as indicated, Amendment 55 to our constitution was approved. The pertinent provisions are:

> Section 1. (a) A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law. ****

800

Section 2. (a) No county's Quorum Court shall be comprised of fewer than nine (9) justices of the peace, nor comprised of more than fifteen (15) justices of the peace. The number of justices of the peace that comprise a county's Quorum Court shall be determined by law. The county's Election Commission shall, after each decennial census, divide the county into convenient and single member districts so that the Quorum Court shall be based upon the inhabitants of the county with each member representing, as nearly as practicable, an equal number thereof.

(b) The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action. ****

Section 4. In addition to other powers conferred by the Constitution and by law, the Quorum Court shall have the power to override the veto of the County Judge by a vote of three-fifths of the total membership; fix the number and compensation of deputies and county employees; fill vacancies in elective county offices; and adopt ordinances necessary for the government of the county. The Quorum Court shall meet and exercise all such powers as provided by law. ****

At the 1975 legislative session, the legislature enacted Act 128. Section 13 provides:

Notwithstanding any other provision of this Act, any county in the State which on the effective date of this Act is divided into two districts and has a separate levying or quorum court for each district, shall continue to have separate levying or quorum court for each district and the provisions of this Act relating to the quorum court shall be applied in each district of such counties the same as if such districts were separate counties.

We fully recognize that historically and legally the Greenwood District, appellee, and the Fort Smith District

since 1874 have consistently been treated as separate counties for certain purposes. However, the 1974 Amendment 55 to our constitution contains provisions that are patently inconsistent and incompatible with these two districts continuing to have separate quorum courts which is provided by Section 13 of Act 128. In particular, Section 2 (b), *supra,* provides "[T]he Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof. . . ." Section 4, *supra,* provides that the quorum court shall have the power to "fix the number and compensation of deputies and county employees; fill vacancies in elective county offices; and adopt ordinances necessary for the government of the county." Amendment 55 makes no provision for any county to have more than one quorum court. It makes no reference whatever to a county being divided into districts as does Article 13, Section 5.

It is apparent from reading Amendment 55 that it is in the nature of a home rule amendment which gives to each county much local legislative authority. Sebastian County has had, as other counties, only one set of county officials. We are unable to construe Amendment 55 as being intended to permit the creation, consolidation, or abandonment of any county office by a dual authority — two quorum courts. Further, we do not think the intent of the people in enacting Amendment 55 was that two quorum courts in a county rather than one would determine the number and compensation of deputies, county employees, and fill any vacancy that might occur in a countywide elective office. Also, the amendment provides that each county have not less than nine and not in excess of fifteen justices of the peace to constitute its quorum court. It is readily apparent from a population standpoint that one district might have only nine and the other district might have fifteen. Naturally, this would pose considerable conflict with reference to the discharge of a quorum court's duties with respect to the county offices.

Appellee asserts that "[I]t is apparent that no thought was given to Sebastian County's unique position until the enabling legislation was considered and at that time it was expressed in clear and unequivocal terms, in Section 13 of Act 128. . . ." We have held that where provisions are omitted

from a constitutional amendment which is proposed by the legislature, as here, either by design or mistake, the courts have no power to supply them. *Hodges* v. *Dawdy,* 104 Ark. 583, 149 S.W. 656 (1912). Likewise, in the case at bar, we cannot supply a provision to Amendment 55 that would permit each of the districts to have a separate quorum court.

Reversed and remanded.