The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, AR 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion concerning Arkansas local option laws. Specifically you have asked whether A.C.A. 3-8-305, which provides in essence that territorial subdivisions in "wet" counties may hold local option elections to eventually become "dry", and which conversely prohibits territorial subdivisions in dry counties from holding local option elections to become "wet", is unconstitutional. For the reasons that follow, it is my opinion that this provision would in all likelihood be deemed constitutional upon challenge.
Sections (2) and (3) of A.C.A. 3-8-305 provide:
 (2) When an election is held in an entire county and a majority of all the legal votes cast at the election are against the sale, barter, or loan of spirituous, vinous, malt, or other intoxicating liquors, then it shall not be lawful to sell, barter, or loan any liquors in any portion of the county.
 (3) If, at an election for the entire county, the majority of the legal votes cast are in favor of the sale, barter, or loan of any liquors, the election shall not operate to make it legal to grant license to sell, barter, or loan such liquors in any territorial division of the county from which the sale, barter, or loan has been excluded by an election held under this subchapter, but the status of the territorial division shall remain as if no election had been held.
It has been repeatedly held that under these provisions, once a county votes "dry", a subdivision within the county cannot thereafter vote "wet". Denniston v. Riddle., 210 Ark. 1039,199 S.W.2d 308 (1947); Tabor v. O'Dell, 212 Ark. 902, 208 S.W.2d 430
(1948); Carter v. Reamey, 232 Ark. 211, 335 S.W.2d 298 (1960). The converse is expressly permitted by the statute.
It should be noted, initially, that there is no Arkansas constitutional provision prohibiting the legislative local option scheme which is set out above. In fact, the Arkansas Supreme Court has struck down at least some Arkansas constitutional challenges to the local option laws. Yarbrough v. Bearden and Phillips v. Foreman, 206 Ark. 553, 177 S.W.2d 38 (1944).
We must therefore determine whether the statute offends some provision of the United States Constitution. In constitutional analysis, the test to be applied, and the degree or level of scrutiny required of state legislation, is crucial. Long-standing judicial doctrine holds that state action in the realm of liquor control is subject to very lenient review in the courts, due primarily to the existence of the Twenty-first Amendment. It was stated in California v. LaRue, 409 U.S. 109 (1972) that:
 The broad sweep of the Twenty-first Amendment has been recognized as conferring something more than normal state authority over public health, welfare, and morals. In Hostetter v. Idlewild Liquor Corp., 377 U.S. 324, 330, 12 L.Ed. 2350, 84 S.Ct. 1293
(1964), the Court reaffirmed that by reason of the Twenty-first Amendment `a state is totally unconfined by traditional Commerce Clause limitations when it restricts the importation of intoxicants destined for use, distribution, or consumption within its borders.' Still earlier, the court stated in State Board v. Young's Market Co., 299 U.S. 59, 64, 81 L.Ed. 38, 57 S.Ct. 77
(1936):
 `A classification recognized by the Twenty-first Amendment cannot be deemed forbidden by the Fourteenth.'
These decisions do not go so far as to hold or say that theTwenty-first Amendment supersedes all other provisions of the United States Constitution in the area of liquor regulations. But the case for upholding state regulation in the area covered by theTwenty-first Amendment is undoubtedly strengthened by that enactment.
409 U.S. at 114-15.
The Court in LaRue upheld the state legislation in that case upon a finding that it was not "irrational". Other language encompassing the test for review of state legislation over liquor is found in Parks v. Allen, 426 F.2d 610 (5th Cir. 1970) where the Fifth Circuit stated:
 It is firmly established that the state through the Twenty-first Amendment has a broad right to regulate traffic in intoxicating liquors in the valid exercise of its police power (citation omitted). Moreover, the Fourteenth Amendment admits of the exercise of a wide scope of discretion in this regard. It only prohibits what is done when it is without any reasonable basis and therefore is purely arbitrary (citations omitted). Moreover, the exercise of the power in connection with the liquor industry particularly allows the widest discretion and is subject to minimal demands of the Fourteenth Amendment's due process and equal protection requirements.
 426 F.2d at 613.
Thus, it is apparent that any constitutional challenge to A.C.A.3-8-305 will not succeed unless the statute is deemed "irrational", and no valid reason can justify its existence. Laws are rarely struck down under this standard. If the state has any rational justification for structuring this local option statute as written, it is constitutional.
The facilitation of law enforcement activities is often advanced to justify similar laws. See, Hall v. Marcin, 7 Ill. Dec. 388,49 Ill. App.3d 528, 364 N.E.2d 549 (1977) (local option laws only applicable to cities with population over 200,000); and McMullin v. Richmond City Council, 312 Ky. 430, 227 S.W.2d 975 (1950), (law allowed cities of the first four classes to exercise local option power both ways irrespective of county vote). This reason could also be advanced to justify A.C.A. 3-8-305. It is conceivable that significantly more law enforcement problems would be created by the existence of a "wet" city within a dry county, than would occur with a "dry" city located in a "wet" county. It is therefore my opinion that A.C.A. 3-8-305 will withstand constitutional scrutiny.
This is in response to your request for an opinion Assistant Attorney General Elana L. Cunningham.