The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, Arkansas 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion on the following question:
 Is it legal to have a wet/dry election to prohibit the sale of alcoholic beverages in a city ward?
Specifically, you indicate that concerned citizens in Paragould are interested in taking steps to prohibit, by a vote of the people, the sale of alcoholic beverages in their ward, even though Greene County is a "wet" county.
It is my opinion that the answer to your question is "yes." This is provided for in A.C.A. § 3-8-205 (Cum. Supp. 1993), which provides, in subsection (a) as follows:
 (a) When thirty-eight (38%) of the qualified electors, as shown on the voter registration records of the county, shall file petitions with the county clerk of any county within this state, praying that an election be held in a designated county, township, municipality, ward, or precinct, to determine whether or not licenses shall be granted for the manufacture or sale, or the bartering, loaning, or giving away of intoxicating liquor within the designated territory, the county clerk, within ten (10) days thereafter, shall determine the sufficiency of the petition. [Emphasis added.]
This statute was amended in 1993 to increase the petition requirement from thirty percent to thirty-eight percent. If the county clerk finds the petition to be sufficient, he or she shall certify that fact to the county board of election commissioners, and the question shall be placed on the ballot at the next biennial general election in the county, township, municipality, ward or precinct as the case may be.
It has been stated that:
 It has repeatedly been held that under [local option] provisions, once a county votes `dry,' a subdivision within the county cannot thereafter vote `wet.' Denniston v. Riddle, 210 Ark. 1039, 199 S.W.2d 308
(1947); Tabor v. O'Dell, 212 Ark. 902, 208 S.W.2d 430
(1948); Carter v. Reamy, 232 Ark. 211, 335 S.W.2d 298
(1960). The converse is expressly authorized by statute. [Emphasis added.]
Op. Att'y Gen. 88-199 at 2.
This fact is evidenced by A.C.A. § 3-8-305, which provides in relevant part as follows:
 (a)(2) When an election is held in an entire county and a majority of the legal votes cast at the election are against the sale, barter, or loan of spirituous, vinous, malt, or other intoxicating liquors, then it shall not be lawful to sell, barter, or loan any liquors in any portion of the county.
 (3) If, at an election for the entire county, the majority of the legal votes cast are in favor of the sale, barter, or loan of any liquors, the election shall not operate to make it legal to grant licenses to sell, barter, or loan such liquors in any territorial division of the county from which the sale, barter, or loan has been excluded by an election held under this subchapter, but the status of the territorial division shall remain as if no election had been held.
See also A.C.A. § 3-8-209 (prohibiting sales of liquor in "dry" counties, townships, municipalities, wards, or precincts, perforce recognizing that such dry "wards" can exist).
Thus, once a county has voted "wet," a subdivision of the county, including a city ward, may vote to make the subdivision "dry."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh