The Honorable Morril Harriman State Senator 522 Main Van Buren, Arkansas 72956
Dear Senator Harriman:
This is in response to your request for an opinion regarding the annexation of land. It is my understanding from your letter that the City of Ozark is in Franklin County, which is divided into two districts with two separate courthouses: the Southern District with the Courthouse at Charleston, Arkansas, and the Northern District with the Courthouse at Ozark, Arkansas. It is also my understanding from your letter that the dividing boundary of the two districts is the Arkansas River and that the municipal boundaries of the City of Ozark lie north of the Arkansas River. Your question with regard to this situation is as follows:
 Are there any constitutional or statutory restrictions which would prevent the City of Ozark from annexing lands that lie south of the Arkansas River, in the event the city governing body and appropriate voters should determine such future annexation is appropriate?
Initially, I find that the information provided in your letter and the question posed actually raises two distinct questions:
 1. Whether the City of Ozark may annex territory in an adjoining judicial district?
 2. Whether the City of Ozark may annex territory where the territory to be annexed is separated from the city by a river?
In response to these questions, it is my opinion that there are no constitutional or statutory provisions that flatly prohibit the City of Ozark from annexing land south of the Arkansas River. However, these questions present factual issues that can only be definitively resolved by a court.
Arkansas Code Annotated §§ 14-40-301—304 (1987 Supp. 1995) govern municipal annexation of contiguous lands. Section 14-40-302 provides in part:
 (a) By vote of two-thirds (2/3) of the total number of members making up its governing body, any municipality may adopt an ordinance to annex lands contiguous to the municipality if the lands are any of the following:
(1) Platted and held for sale or use as municipal lots;
 (2) Whether platted or not, if the lands are held to be sold as suburban property;
 (3) When the lands furnish the abode for a densely settled community or represent the actual growth of the municipality beyond its legal boundary;
 (4) When the lands are needed for any proper municipal purposes such as for the extension of needed police regulation; or
 (5) When they are valuable by reason of their adaptability for prospective municipal uses.
To be upheld as a valid annexation, the proof must show that at least one of the conditions above has been met. Holmes v. City of Little Rock,285 Ark. 296, 686 S.W.2d 425 (1985); Op. Att'y Gen. No. 95-274. Whether any of the statutory criteria are present will be a question which must ultimately be decided by the circuit court. See A.C.A. § 14-40-304.
As to the specific issue of the annexation of land in an adjoining judicial district, I have found no applicable annexation statutes that address or provide any special procedures for the annexation of territory located in an adjoining judicial district.[1] It is my opinion, nonetheless, that there is no flat prohibition against the City of Ozark annexing land in the Southern District of Franklin County. I simply cannot read into the municipal annexation of contiguous lands subchapter a prohibition against the annexation of territory in an adjoining judicial district. I find that this conclusion is supported by §14-40-202 (see n. 1, supra) which, although it is no longer applicable, authorized the annexation of territory in certain adjoining judicial districts pursuant to the subchapter on municipal annexation. I find that this conclusion is also supported by the fact that the General Assembly has specifically authorized certain municipalities to annex land, pursuant to the municipal annexation provisions, lying in adjoining counties. A.C.A. § 14-40-401 (Supp. 1995). If a city is not prohibited from annexing land in an adjoining county, then it seems probable that the city would not be prohibited from annexing land in an adjoining judicial district.
It should, however, be noted that even though the City of Ozark is not flatly prohibited from annexing land in an adjoining judicial district, there are no statutes which authorize the actual changing of the boundaries of a judicial district. Arkansas Code Annotated § 14-40-202(d) provides in part:
 [A]ny lands so annexed shall thereafter be and become, for all purposes provided by law, a part of the same district in which the city or incorporated town is located, and thereafter the county, circuit, probate, chancery, and municipal courts of the district shall have and exercise jurisdiction over the annexed lands, and the residents thereof, the same as if the lands had been located in the district when it was created.
However, as previously discussed, this provision is not applicable. It should be further noted that even the statute authorizing annexation of territory in an adjoining county does not authorize a change in boundaries.[2] Consequently, any land that the City of Ozark annexes south of the Arkansas River would still be part of the Southern District of Franklin County. At least one consequence of such a situation is the fact that the jurisdiction of a municipal court, in a county with two judicial districts, is limited to the district in which the court is situated. A.C.A. § 16-17-206(b) (Supp. 1995); A.C.A. § 16-17-70(c) (Repl. 1994).
Finally, it should be noted that a municipality may only annex lands contiguous to the municipality, and your question contemplates the City of Ozark annexing land separated from it by the Arkansas River. The Arkansas Supreme Court, however, has stated that contiguous lands are those not separated from the municipal corporation by outside lands.Vestal v. Little Rock, 54 Ark. 321, 15 S.W. 891 (1891). In Vestal, a city was on one side of the Arkansas River and part of the land sought to be annexed was on the other side; the court stated: "But we do not think this fact conclusive that the lands are not contiguous within the meaning of the act." See also Garner v. Benson, 224 Ark. 215, 272 S.W.2d 442
(1954). The court also noted that the river was included in the land sought to be annexed. Vestal, supra.
In sum, there appears to be no applicable statute which specifically authorizes the annexation of territory in a different judicial district in a county where there is more than one judicial district and only one quorum court for the entire county, thus perhaps suggesting the need for future legislative clarification. It is my opinion, nonetheless, that there is no flat prohibition against the City of Ozark annexing land in the Southern District of Franklin County, assuming that the city meets the statutory guidelines for municipal annexation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Arkansas Code Annotated § 14-40-202 (1987) specifically addresses the annexation of territory in a different judicial district in a county where there is more than one judicial district "with a separate levying or quorum court in and for each of the judicial districts." (A.C.A. §14-40-202 was enacted by Act 88 of 1963.) The Arkansas Supreme Court, however, has concluded that Ark. Const. Amend. 55 makes no provision for any county to have more than one quorum court. Robinson v. SebastianCounty Quorum Court, 258 Ark. 798, 528 S.W.2d 930 (1975). Accordingly, §14-40-202 would no longer be applicable to any annexation of territory.
[2] Arkansas Code Annotated § 14-14-201 et seq (1987) contains the procedures for changing a county boundary.