The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72033-0787
Dear Senator Russ:
I am writing in response to your request for my opinion on the following questions:
 1. Is it permissible/legal to produce wine in a "dry" county for sale on the winery premises in that county? If not, would it be possible to obtain a variance?
 2. Is it permissible/legal to produce wine in a dry county and transfer it to a liquor store for sale?
 3. If a variance would be required, should the variance be applied for before or after the winery is up and running?
RESPONSE
Question 1: Is it permissible/legal to produce wine in a "dry" county forsale on the winery premises in that county? If not, would it be possibleto obtain a variance?
The answer to this question is "no." Section 3-8-202 of the Arkansas Code authorizes "any area" of the state to determine by referendum "whether or not all alcoholic beverages, including all kinds and types of whiskey, beer, and wine, shall be manufactured, or sold, bartered, loaned, or given away therein." In accordance with this statute, A.C.A. § 3-8-208(b) provides:
 If a majority of the electors voting at the election vote" AGAINST the Manufacture or Sale of Intoxicating Liquors," then it shall be unlawful for the Director of the Alcoholic Beverage Control of the State of Arkansas or any county or municipal official to issue any license, or permit, for the manufacture, sale, barter, loan, or giving away of any intoxicating liquor as defined in this subchapter unless and until the prohibition shall be repealed by a majority vote as provided for in 3-8-201—3-8-203, 3-8-205—3-8-209.
Similarly, the statute that exempts from license fees wines manufactured for consumption by the manufacturers themselves and their guests contains the following proviso:
 Provided, nothing herein shall be deemed to authorize the manufacture of wine or light wine in any area which has voted against the manufacture or sale of intoxicating liquors.
A.C.A. § 3-5-407(1)(B)(ii) (Repl. 1999). Finally, A.C.A. § 3-9-602(b) of the Code provides:
 [I]t shall be unlawful for the director to issue any license to a facility for sales of wine for consumption on the premises in any city, county, township, or other area in this state wherein the sale and possession of wines is unlawful.[1]
The restrictions set forth in these statutes cannot be avoided by obtaining a variance. The authority of an area to vote itself dry was established by referendum in Initiated Act 1 of 1942. These restrictions consequently cannot be avoided absent a two-thirds vote of the legislature. Ark. Const. amend. 7; Carter v. Reamy, 232 Ark. 211,335 S.W.2d 298 (1960). Moreover, any vesting in the Alcoholic Beverage Control Board of power to grant a variance would constitute an impermissible delegation of legislative power. As my predecessor opined in Ark. Op. Att'y Gen. No. 88-311:
 [I]t has been held that a regulation contrary to the relevant statute may not be promulgated, State ex rel. Atty. Gen. v. Burnett, 200 Ark. 655, 140 S.W.2d 673 (1940), and if the regulation is beyond the legitimate interpretation of a statute, it must fall so that the true congressional intent can be effectuated. Kettell v. Johnson Johnson, 337 F. Supp. 892 (E.D.Ark. 1972). Finally, it has been held that:
 The legislature cannot vest an administrative agency with the power in its absolute and unguided discretion to apply or withhold the application of the law or to say to whom a law shall or shall not be applicable. (Citation omitted). "Should a statute clothe an administrative officer with the discretion as to the administration of the statute and also clothe him with the right to determine what the law is, or give him the opportunity to apply it to one and not apply it to another in like circumstances, either would constitute an unlawful delegation of legislative power." (Citation omitted).
 Illinois v. Tibbitts, 56 Ill.2d 56, 305 N.E.2d 152 (1973) at p. 155.
Accord Ark. Op. Att'y Gen. Nos. 97-201, 95-008 and 87-402 (locating source of this proscription in Ark. Const. art. 4, § 2).
Question 2: Is it permissible/legal to produce wine in a dry county andtransfer it to a liquor store for sale?
As reflected in my response to your first question, the answer to this question is "no."
Question 3: If a variance would be required, should the variancebe applied for before or after the winery is up and running.
This question is moot in light of my response to your first question.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] Various statutes generally authorize the manufacture and sale of wine throughout the state. See, e.g., A.C.A. §§ 3-5-405, -409 and — 413. However, the general laws governing the manufacture and sale of intoxicating beverages do not apply when an area has voted itself dry.See Grubbs v. Rowland, 226 Ark. 874, 296 S.W.2d 201 (1956); Ark. Op. Att'y Gen. No. 97-305, attached hereto. The constitutionality of such restrictive legislation is confirmed in Ark. Op. Att'y Gen. 88-200, attached hereto.