The Honorable Bobby L. Glover State Senator Post Office Box 1 Carlisle, AR 72024-0001
Dear Senator Glover:
I am writing in response to your request for my opinion on the following questions:
 1. If a county has two county seats and a county clerk at both locations, must both locations offer the same voter services such as providing absentee voting and early voting?
 2. Is it a violation of state law if only one of the county seats offers such voting services?
RESPONSE
 Question 1: If a county has two county seats and a countyclerk at both locations, must both locations offer the same voterservices such as providing absentee voting and early voting?
No authority directly states that the county clerk must offer identical voter services, including absentee voting and early voting, in both county seats of a two-district county. Although the Code specifies the duplication of various services in two-district counties, voter services are not listed expressly among them. Such a requirement might reasonably be inferred from A.C.A. §§ 75-401, 7-5-418 and 14-15-901,[1] but legislative clarification appears warranted.
As an initial matter, I must note that a district having two county seats will not have two county clerks. Article 7, § 19 of the Arkansas Constitution, as amended by Ark. Const. amend. 24, clearly mandates that a county have only "a county clerk" — a singular designation that is qualified nowhere else in the constitution or the Arkansas Code. Although a county clerk may have representatives of his or her office staffing both districts, a dual-district county has only one clerk. See
A.C.A. § 7-5-415 (Repl. 2000) (authorizing the hiring of deputy clerks to effectuate the subchapter of the Code dealing with early and absentee voting).
The question of whether a county has more than one county seat has historically been linked to the question of whether the county is divided into two judicial districts, each having its own courthouse and representation by the county clerk.[2]
However, it does not appear to be the case that a county that has two judicial districts will not necessarily have two "county seats." The law on this issue is unclear. Article 13, § 5 of the Arkansas Constitution authorizes Sebastian County, if it so chooses, to establish two districts and two county seats.[3] Certain uncodified special legislation further authorized various other counties to establish two judicial districts, but it may well not be accurate to suggest that such counties have two county seats. See, e.g., Acts 1883, No. 74 (authorizing the establishment of a separate Western Judicial District in Carroll County with a courthouse to be located in Eureka Springs, yet nevertheless referring exclusively to Berryville as the county seat); Acts 1881, No. 14 (establishing a Western Judicial District in Clay County with a courthouse to be located in Corning, yet nevertheless referring exclusively to Boydsville as the county seat); but see A.C.A. § 24-8-315
(Repl. 2000) (addressing the availability of retirement benefits to a district judge or clerk in "any county which is divided into two (2) districts and has two (2) county seats" in which the "court is funded primarily by the county"); see also Tabor v.O'Dell, 212 Ark. 902, 208 S.W.2d 430 (1948) (comparing statutory authorization of two-district counties to the constitutional authorization that applies to Sebastian County). None of the two-district schemes referenced above authorizes the election of more than one county clerk in any county.
With respect to your specific question, it does not appear to matter whether a county containing two judicial districts designates each city housing a courthouse as a "county seat." For instance, notwithstanding the fact that both of the acts referenced in the preceding paragraph acknowledge the existence of only one county seat, they both require that the clerks maintain offices in both districts of the counties, see Acts 1881, No. 14, § 15 and Acts 1883, No. 74, § 15, with these offices to be manned either by the clerks or their deputies,id. These acts further provide that the clerk or deputy serving the western district in each county shall have the same recording obligation as does the clerk in the eastern district.
With respect to absentee and early voting, A.C.A. § 7-5-401
(Supp. 2005) provides:
 The county clerk shall be the custodian of the absentee ballots and early voting ballots for any early voting conducted by the county clerk at the courthouse. The county clerk shall be furnished a suitable room at the county courthouse and shall exercise all the powers and duties concerning the application for, the issuance of, and the voting of absentee and early voting ballots required by law of the county clerk.
Section 7-5-418 (Supp. 2005) addresses as follows the required location(s) for early voting:
 (a)(1)(A) Except as provided in subdivision (a)(1)(B) of this section, early voting shall be available to any qualified elector who applies to the county clerk's designated early voting location, beginning fifteen (15) days before a preferential primary or general election between the hours of 8:00 a.m. and 6:00 p.m. Monday through Friday and 10:00 a.m. and 4:00 p.m. Saturday and ending at 5:00 p.m. on the Monday before the election.
 (B) Early voting shall not be available on state holidays.
 (2) However, on all other elections, including, but not limited to, general primary and general runoff elections, early voting shall be available to any qualified elector who applies to the county clerk during regular office hours, beginning fifteen (15) days before an election and ending on the day before the election day at the time the county clerk's office regularly closes.
 (b)(1)(A) The county board of election commissioners may decide to hold early voting at additional polling sites outside the offices of the county clerk and to include the additional voting locations for a maximum of fifteen (15) days on any of the days and times provided for in subsection (a) of this section, if it so chooses.
(Emphases added.)
Neither of these statutes appears to have been drafted to address the appropriate course of conduct in a county that has two judicial districts. In my opinion, with respect to two-district judicial districts, these statutes must be read in conjunction with A.C.A. § 14-15-901 (Repl. 1998), which provides:
 (a) In counties having two (2) judicial districts, it shall be the duty of the county clerk to keep at each county site, in addition to the records now required by law to be kept, the following records:
 (1) Record of marks and brands;
 (2) Record of incorporations;
 (3) Record of estrays;
 (4) Record of advertisements and sale of delinquent lands;
 (5) Record of lands sold to the state; and
 (6) Record of lands sold to individuals.
 (b) It shall be the duty of the county courts of such counties to immediately purchase such records for the use of the various counties as are required by this section, and all other expenses made necessary by the provisions of this section shall be borne by the respective counties embraced in this section.
 (c) The provisions of this section shall not apply to Prairie, Woodruff, and Lawrence counties.
(Emphasis added.) As the highlighted passage reflects, with respect to two-district judicial districts other than those expressly excepted from the statute,[4] this passage appears to require the county clerk to maintain in "each county site" not only the itemized records, none of which bears on early or absentee voting, but also additional "records now required by law to be kept." This language is broad enough to include records relating to and implementing absentee and early voting as mandated by A.C.A. §§ 7-5-401 and -418, see discussion supra.
However, judicial clarification on this score appears warranted. Finally, in terms of actual practice, my inquiries reveal that the clerks of counties having two judicial districts have typically been providing equal access in each district to absentee and early voters.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] It is my understanding that, as a matter of general practice, two-district counties have in the past offered such duplicative voting services.
[2] In Reeves v. Bean, 217 Ark. 67, 74, 228 S.W.2d 609
(1950), the court ruled that for purposes of applying the legislation at issue in that case, Sebastian County be treated "the same as the eleven other counties in Arkansas which have two districts for judicial purposes and have two courthouses." According to the Arkansas Association of Counties, the following ten counties, including Sebastian County, currently have two judicial districts: Arkansas County, Carroll County, Clay County, Craighead County, Franklin County, Logan County, Mississippi County, Prairie County, Sebastian County, and Yell County. It is unclear what the division of these counties into separate judicial districts means in the wake of the adoption of Ark. Const. amend. 80, which restructured the judicial system in Arkansas. The pertinent effect of dividing a county into districts appears to be that each district must have a courthouse, although the city housing such a courthouse will not necessarily be designated a "county seat." See, e.g., Ark. Const. art, 13, § 5 (authorizing Sebastian County to establish two such districts) and Acts 1883, No. 74 and 1881, No. 14 (mandating the establishment of two such districts in Carroll and Clay Counties, but expressly referring to only one city in each county as the "county seat").
[3] With respect to the distinct constitutional authorization of two districts in Sebastian County, the Arkansas Supreme Court has remarked:
 Our state constitution contains a unique provision with respect to Sebastian County. Article 13, Section 5 provides "Sebastian County may have two districts and two county seats, at which county, probate and circuit courts shall be held as may be provided by law, each district paying its own expenses."
Robinson v. Greenwood District, Sebastian County Quorum Court,258 Ark. 798, 799, 528 S.W.2d 930 (1975) (emphasis mine). InJewett v. Norris, 170 Ark. 71, 72, 278 S.W. 652 (1926), the court reviewed the history leading to the adoption of Article 13, § 5, concluding that the article was adopted to remedy what was perceived as a problematic decision by the Arkansas Supreme Court striking legislation that declared that the two existing districts in Sebastian County would bear their own expenses. SeePatterson v. Temple, 27 Ark. 202, 211-12 (1871) (striking the pertinent legislation as impermissibly carving two counties out of one in violation of the Arkansas Constitution of 1868). In addition, after acknowledging that Sebastian County had historically maintained two separate quorum courts, the court inRobinson held that this historical practice must stop in light of the recent adoption of Ark. Const. amend. 55, which clearly mandated that each county have only one quorum court.258 Ark. at 799, 800-01.
[4] I am unaware of the history that led to excepting Prairie, Woodruff and Lawrence Counties from the scope of the statute.