The Honorable Janice A. Judy State Representative 202 West Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have requested an Attorney General opinion concerning the make-up of review panels for the block grant that is provided under the federal Violence Against Women Act. This grant is currently administered by a Grants Administrator Supervisor from the Department of Finance and Administration.
You have asked:
 (1) May the Grants Administrator Supervisor lawfully appoint an additional ten persons to review the percentages established under A.C.A. § 16-21-207(b)?
 (2) If so, must the additional appointees be comprised of those persons described in A.C.A. § 16-21-207(b)(1) — (5)?
Response
Question 1 — May the Grants Administrator Supervisor lawfully appoint anadditional ten persons to review the percentages established underA.C.A. § 16-21-207(b)?
It is my opinion, as explained more fully below, that Arkansas law does not provide authority for the Grants Administrator Supervisor to appoint any of the panelists who serve on the review panel established under A.C.A. § 16-21-207(b). It is my opinion further (as also explained more fully below) that the panel established under A.C.A. § 16-21-207(b) must consist of nine people, and that the statute appears to envision that this panel will be a different group of people than the group that comprises the panel established under A.C.A. § 16-21-207(c).
The Violence Against Women Act (42 U.S.C. § 13701, note) provides for a federal block grant to the states for use in addressing issues related to violence against women. The grant is divided into various sub-grants. The grant is currently administered in Arkansas by the Office of Intergovernmental Services of the Department of Finance and Administration.
Arkansas law (A.C.A. § 16-21-207) establishes panels to review applications for the various subgrants. That statute states in full:
 (a) The Prosecution Coordination Commission, in conjunction with two (2) representatives from the Arkansas Coalition Against Violence to Women and Children and one (1) representative from the sexual assault victim providers, shall conduct the peer-review process of the subgrant application for the prosecution percentage of the prosecution and law enforcement block grants of the Violence Against Women Act.
 (b) The nonprosecution and law enforcement percentage shall be reviewed by nine (9) panelists, selected each federal grant year, to be determined as follows:
 (1) Each of the four (4) regions of the Arkansas Coalition Against Violence to Women and Children shall select one (1) individual to serve as a peer-review panelist;
 (2) The Executive Director of the Arkansas Coalition Against Violence to Women and Children shall also serve as a panelist;
 (3) All of the nonprofit rape crisis centers in the state shall hold a meeting annually and select two (2) representatives to serve on the peer-review panel;
 (4) The Prosecution Coordination Commission shall select a representative; and
 (5) The Criminal Justice Institute Advisory Board shall select one (1) representative.
 (c) The twenty-five percent (25%) designated to law enforcement shall be reviewed by:
(1) The Advisory Board of the Criminal Justice Institute;
 (2) One (1) representative for the Prosecution Coordination Commission;
 (3) Two (2) representatives from the Arkansas Coalition Against Violence to Women and Children; and
(4) One (1) representative from the sexual assault service providers.
A.C.A. § 16-21-207.
You indicate that the Grants Administrator Supervisor believes that an ambiguity exists in the above-quoted statute, arising out of the phrase "nonprosecution and law enforcement," as used in Subsection (b). More specifically, Section (a) of the statute establishes a review panel for the "prosecution percentage of the prosecution and law enforcement" grant. Section (b) establishes a review panel for the "nonprosecution and law enforcement" percentages of the grant. Section (c) establishes a review panel for the "law enforcement" percentage of the grant. The confusion arises out of the fact that both Section (b) and Section (c) seem to establish a review panel for the "law enforcement" subgrant. You state that in light of this ambiguity, the Grants Administrator Supervisor "has selected an additional ten people to conduct the peer-review process of the nonprosecution and law enforcement percentage of this subgrant provided under subsection (b)." Although I am not entirely certain what you mean by the term "additional," I am assuming that you are referring to the fact that the members of the panel established under A.C.A. § 16-21-207(b) are a different group of people than those appointed to serve on the panel established under A.C.A. §16-21-207(c), or, in other words, are in addition to that group.
As an initial matter, I must note that the Grants Administrator Supervisor does not have the authority to appoint any of the persons who are to serve on the panel that is established under A.C.A. §16-21-207(b). The statute explicitly provides that four of the panelists are to be chosen by the Arkansas Coalition Against Violence to Women and Children, two of the panelists are to be chosen by all of the nonprofit rape crisis centers in the state at an annual meeting, one panelist is to be chosen by the Prosecution Coordination Commission, one representative is to be chosen by the Criminal Justice Institute Advisory Board, and the Executive Director of the Arkansas Coalition Against Violence to Women and Children is also to serve as a panelist. The Grants Administrator Supervisor is not authorized to choose any of these panelists. I also note that this list adds up to nine people, rather than ten.
The statute clearly appears to envision that the panel established under A.C.A. § 16-21-207(b) is to be a different group of people than the panel established under A.C.A. § 16-21-207(c). Although two of the members of these two panels are to be appointed by the same group (the Prosecution Coordination Commission and the Arkansas Coalition Against Violence to Women and Children), the other members of the panels described in these two sections are to represent different groups. It is true that the statute does not prohibit service by one person on two different panels, but that does not appear to be the intent of the statute.
I acknowledge that the confusion regarding this matter arises out of the fact that both Subsection (b) and Subsection (c) refer to the "law enforcement" subgrant. As a result, the question arises whether there is to be one panel or two panels to review applications for the law enforcement subgrant.
It is my opinion that the General Assembly intended for the panel established under Subsection (c) to review applications for the law enforcement subgrant, and for the panel established under A.C.A. §16-21-207(b) to review applications for nonprosecution and non-law enforcement subgrants. I believe that the prefix "non" was intended to apply both to the term "prosecution" and to the term "law enforcement." This intent is evidenced by the fact that in the original act (Act 1221 of 1995, Section 3), the prefix "non" is separated by a hyphen from the term "prosecution." This usage of the hyphen indicates that the prefix "non" is not a part of the term "prosecution," thus indicating that it could apply both to the term "prosecution" and to the term "law enforcement." When this provision was codified at A.C.A. § 16-21-207(b), the hyphen was omitted, resulting in the term "nonprosecution," thus creating the appearance that the prefix "non" applies only to the term "prosecution" and not to the term "law enforcement." I believe that the application of the prefix "non" to the term "prosecution" and not to the term "law enforcement" is incorrect.
My conclusion regarding this matter is bolstered by the fact that the General Assembly clearly drafted Subsection (c) as a separate section to deal with the law enforcement subgrant. It would not have made sense for the legislature to have created two different panels to review applications for the law enforcement subgrant, and to group one of those panels with the panel reviewing applications for nonprosecution subgrants. It also would not have made sense for the legislature not to have provided for a panel to review applications for non-law enforcement subgrants. The Arkansas Supreme Court has held that statutory language should not be interpreted in a way that would lead to an absurdity.Yarbrough v. Witty, 336 Ark. 479, 987 S.W.2d 257 (1999); Lawhon FarmServs. v. Brown, 335 Ark. 272, 984 S.W.2d 1 (1998); Citizens To EstablishA Reform Party v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v.Fleet Mortgage Co., 319 Ark. 491, 892 S.W.2d 250 (1995).
If both Subsections (b) and (c) were interpreted to create a panel to review applications for the law enforcement subgrant, the result would be an absurdity. Not only would the result be to create two different panels to perform the same function, but the result would also be that no panel would be created to review applications for non-law enforcement subgrants. For these reasons, I conclude that the legislature intended the prefix "non," as used in Subsection (b) to apply to both the term "prosecution" and the term "law enforcement." Under this interpretation, the panel established under Subsection (c) will have the responsibility of reviewing applications for law enforcement subgrants, and the panel established under Subsection (b) will have the responsibility of reviewing applications for non-law enforcement subgrants (as well as non-prosecution subgrants). Under this interpretation, there should be no confusion as to whether the two groups should be different from one another.
Question 2 — If so, must the additional appointees be comprised of thosepersons described in A.C.A. § 16-21-207(b)(1) — (5)?
For the reasons explained in response to Question 1, it is my opinion that the panel established under A.C.A. § 16-21-207(b) must be comprised of the persons described in A.C.A. § 16-21-207(b)(1)-(5).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR, Attorney General
MP:SA/cyh